G. H. SCHLEICHER ET AL. V. JULIA RUNGE ET AL.

Decided February 25, 1897.

Writ of Error—Petition Filed Too Late—Waiver.

The filing of petition therefor within thirty days from the time of overruling the motion for rehearing is essential to the jurisdiction of the Supreme Court to grant a writ of error, and compliance therewith cannot be waived by counsel for the opposite party.

PETITION for writ of error to Court of Civil Appeals First District, in an appeal from De Witt County.

*Proctors* and *B. A. Pleasants,* for petitioner.

*C. F. Carsner,* for defendant in error.

GAINES, CHIEF JUSTICE.—The motion for a rehearing of this case was overruled by the Court of Civil Appeals on December 3, 1896, and the application for the writ of error was not presented to the clerk of the court until January 3, 1897. This was the 31st day after the motion for a rehearing was overruled, and was one day too late. (Rev. Stats. 1895, art. 942.) For that reason, the clerk declined to file it. Thereupon counsel for the defendant in the application, conceding that the delay was not the fault of the applicant, signed a stipulation waiving the default and agreeing that the application might be considered as if filed on January 2, 1897. This removes all difficulty as to the question of our jurisdiction over the case, in so far as such difficulty may be removed by the consent of parties. The question, however, arises: Is not the filing of the application within the time prescribed by the statute necessary in order to confer jurisdiction upon this court to entertain it and to determine the case? In other words, can the time be waived by consent of parties? We desire and invite argument upon the point, and will suspend consideration of the question, for a period not exceeding fifteen days, to the end that views of counsel for the applicant and the defendant may, if desired by them, be presented in writing.

The clerk of this court will cause counsel to be furnished with a copy of these remarks.

Delivered January 21, 1897.

GAINES, CHIEF JUSTICE.—The application for the writ of error in this case was filed in the office of the clerk of the Court of Civil Appeals one day too late; and, although counsel for the defendants in the application had agreed in writing to waive the delay, we had doubts as to our jurisdiction, and on a former day requested argument upon the question. The time allowed for the purpose having elapsed, the question is ready for determination, though counsel for the defendant has alone availed himself of the privilege of filing an argument upon the point.

The extent to which jurisdiction may be conferred upon this court is defined in section 3 of article 5 of the Constitution as amended in 1891. So much of that section as relates to the appellate jurisdiction of the court, reads as follows: "The Supreme Court shall have appellate jurisdiction only, except as herein specified, which shall be coextensive with the limits of the State. Its appellate jurisdiction shall extend to questions of law arising in cases of which the Courts of Civil Appeals have appellate jurisdiction, under such restrictions and regulations as the Legislature may prescribe. Until otherwise provided by law, the appellate jurisdiction of the Supreme Court shall extend to questions of law arising in the cases in the Courts of Civil Appeals, in which the judges of any Court of Civil Appeals may disagree, or where the several Courts of Civil Appeals may hold differently on the same question of law, or where a statute of the State is held void." With the exception of the cases mentioned in the last sentence, no appellate jurisdiction whatever is directly given to this court, and even the jurisdiction there conferred was made subject to be taken away by the Legislature. The Legislature has acted, and from the statutes passed in exercise of the authority conferred by the section under consideration, we derive our powers to hear and determine cases upon appeal. Articles 940 and 941 of the Revised Statutes define our appellate jurisdiction, and prescribe that it shall be brought into exercise over certain classes of cases therein mentioned, by a writ of error, to be granted by the court. Article 942 also provides, among other things, in substance, that, in order to obtain a writ of error, a party aggrieved by the judgment of the Court of Civil Appeals shall present a petition to this court, and that this petition shall be filed with the clerk of the Court of Civil Appeals within thirty days from the overruling of the motion for a rehearing in that court.

The general rule is that, unless an appeal be taken or a writ of error be sued out within the time limited by law, the court is without jurisdiction. Discussing the question in Edmonson v. Bloomshire, 7 Wall., 306, Mr. Justice Miller says:

"In cases of Villabolos v. U. S., 6 How., 81, and U. S. v. Curry, 6 How., 106, decided at the December term, 1847, and especially in the latter case, it was held on full consideration that, whether a case was attempted to be brought to this court by writ of error, or appeal, the record must be filed before the end of the term next succeeding the issue of the writ or the allowance of the appeal, or the court had no jurisdiction of the case. This was repeated in The Virginia v. West, 19 How., 182; Mesa v. U. S., 2 Black., 721; and U. S. v. Gomez, 1 Wall., 690. * * * In Mussina v. Cavazos, decided at the last term, the whole doctrine is again reviewed, and the rule placed distinctly on the ground that this court has no jurisdiction of the case unless the transcript be filed during the term next succeeding the allowance of the appeal. The intelligible ground of this decision is, that the writ of error and the appeal are the foundations of our jurisdiction, without which we

have no right to revise the action of the inferior court.  *  *  *  These principles have received the unanimous approval of this court, and have been acted upon in a large number of cases not reported, besides several reported cases not here mentioned.  And the court has never hesitated to act on this rule whenever it has appeared from the record that the case came within it, although no motion to dismiss was made by either party.  In fact, treating it as a matter involving the jurisdiction of the court, we cannot do otherwise."

The same doctrine has been acted upon by this court.  (Livingston v. State, 70 Texas, 393; Railway v. State, 75 Texas, 356.)  But in neither of the cases cited was there a waiver of the time on part of the appellee or the defendant in error.

Under amended section 3 of article 5 of the Constitution, as we have seen, this court is to exercise its appellate jurisdiction under such restrictions and regulations as the Legislature may prescribe.  When, therefore, the Legislature prescribed that the petition for the writ of error should be filed with the clerk of the Court of Civil Appeals within thirty days from the overruling of the motion for a rehearing in that court, we think that it was intended that a compliance with that requirement should be as a condition precedent to exercise of the jurisdiction.

We therefore conclude that the application in this case should be dismissed, and it is so ordered.

*Petition for writ of error dismissed.*