# APRIL, 1914

JOHN F. VINSON ET AL. v. W. T. CARTER & BROTHER.

Application No. 862.    Decided April 22, 1914.

Supreme Court—Writ of Error—Time—Rehearing.

The Supreme Court would not refuse to consider an application for writ of error for want of timely motion for rehearing in the appellate court where due excuse for the delay was shown and that court improperly refused leave to file the motion. But in such case the refusal of leave to file takes the place of a judgment overruling the motion, and writ of error must be applied for within thirty days from such refusal; the time could not be enlarged by filing later a second motion to permit filing.    (Pp. 273, 274.)

Application for writ of error to the Court of Civil Appeals for the Sixth District, in an appeal from Tyler County.

*V. A. Collins* and *Lipscomb & Lipscomb,* for applicants.

*C. L. Carter* and *Joe W. Thomas,* for defendants in error.

MR. JUSTICE PHILLIPS delivered the opinion of the court.

It is shown by the petition for writ of error that no motion for rehearing was filed in the Court of Civil Appeals within the time prescribed by the statute. It is stated that the failure to file such motion within the proper time was due to an undue and unanticipated delay in its transmission by express. A motion for leave to file the motion for rehearing as of time was overruled by the court on January 8, 1914. A second motion of the same nature was thereupon filed, and overruled on January 22, 1914. The petition for writ of error was filed in the Court of Civil Appeals more than thirty days after the overruling of the first motion for leave to file the motion for rehearing, but within thirty days from the overruling of the second motion.

We would not refuse to consider the petition for writ of error, not-withstanding the Court of Civil Appeals had not acted directly upon the motion for rehearing, if we had jurisdiction and were of the opinion that it was sufficiently shown that the failure to duly file the motion for rehearing was due to accident or some cause other than neglect of the applicant. Sams v. Creager, 85 Texas, 497. It is apparent, however, that we are without jurisdiction. It is essential to the jurisdiction of this court to grant a writ of error that the petition for the writ be filed in the Court of Civil Appeals within thirty days from the over-ruling of the motion for rehearing. Schleicher v. Runge, 90 Texas, 456. Where, under such circumstances as are shown here, the Court of Civil Appeals declines to consider the motion for rehearing, its action in over-ruling a motion for leave to file it necessarily fixes the time from which the period prescribed for the filing of the petition shall be reckoned as in such case the overruling of the motion for leave to file amounts to overruling the motion for rehearing. A different rule would permit an extension of the time fixed by the statute for the filing of the petition for writ of error simply through the filing of successive motions of the same character.

Petition dismissed for want of jurisdiction.