The judgment of the Court of Civil Appeals is correct, and is affirmed.

HAWKINS, J., disqualified and not sitting.

---

FLATTERY et ux. v. MILLER et al.
(No. 2784.)

(Supreme Court of Texas. June 11, 1919.)

APPEAL AND ERROR ⊙⇒345(2)—PROCEEDINGS —ERROR TO COURT OF CIVIL APPEALS—LIMITATION.

It is essential to the jurisdiction of the Supreme Court that the petition for a writ of error be filed in the Court of Civil Appeals within 30 days from the overruling of a motion for a rehearing.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Action by T. F. Flattery and wife against J. W. Miller and others. From an order of the Court of Civil Appeals, reversing judgment for plaintiffs (171 S. W. 253), they bring error. Dismissed for want of jurisdiction, and withdrawn from the Commission of Appeals.

R. L. Whitehead and W. W. Kirkpatrick, both of Houston, and E. B. Pickett, of Liberty, for plaintiffs in error.

G. W. Thorp and Barkley & Green, all of Houston, for defendants in error.

PHILLIPS, C. J. Since our reference of this case to the Commission of Appeals it has come to our attention that the petition for, writ of error was filed in the Court of Civil Appeals more than thirty days after the overruling by that court of the motion for rehearing. The motion for rehearing was overruled on December 3, 1914. The petition for writ of error was filed in the Court of Civil Appeals on January 4, 1915.

In order for the Supreme Court to have jurisdiction to grant a writ of error, the petition for the writ must be filed in the Court of Civil Appeals within thirty days from the overruling of the motion for rehearing. This is a plain and positive jurisdictional requirement. Schleicher v. Runge, 90 Tex. 456, 39 S. W. 279; Vinson v. Carter, 106 Tex. 273, 166 S. W. 363. The case must be dismissed for want of jurisdiction. It is withdrawn from the Commission and so dismissed.