## EL JARDIN IMMIGRATION CO. et al. v. KARLAN et ux. (No. 6800.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 31, 1923.)

1. **Appeal and error** ⬥345(2)—**Clerk cannot file application for writ of error after 30 days from overruling motion for rehearing.**

Rev. St. 1911, art. 1541, requiring the clerk of the Court of Civil Appeals to note on his record the filing of the application if the petition for writ of error is filed in 30 days from the overruling of the motion for rehearing, does not authorize the clerk to file it after that time and date it back to cover accidents.

2. **Appeal and error** ⬥345(2)—**Filing petition for writ of error fixes jurisdiction of Supreme Court.**

The filing of a petition for writ of error must be made within the 30 days named in Rev. St. 1911, art. 1541, to fix jurisdiction of the Supreme Court, which alone determines its own jurisdiction.

3. **Evidence** ⬥20(1)—**Judicially known that registered mail slowest method of transmitting.**

Registered mail is judicially known to be the slowest method of transmitting mail.

4. **Appeal and error** ⬥351(1)—**Post office department agent of sender of application for writ of error.**

Where application for writ of error was delivered to the postmaster on January 11, 1923, and not delivered to the clerk of the Court of Civil Appeals till January 13, 1923, 31 days after the motion for rehearing had been overruled, on depositing the package with the postmaster the post office department did not become the agent of the addressee, so that delivery of the package to it on January 11th made it the agent of the addressee, who became chargeable with the delay.

Appeal from District Court, Cameron County; W. B. Hopkins, Judge.

On application for writ of error to the Supreme Court. Denied.

For former opinion, see 245 S. W. 1043.

FLY, C. J. This cause was finally disposed of in this court on the 13th day of December, 1922, by overruling a motion for rehearing filed by appellants. 245 S. W. 1043. On January 13, 1923, more than 30 days from the time the motion for rehearing was overruled, appellants presented an application for a writ of error to the clerk of this court, addressed to the Supreme Court of Texas, which the clerk refused to file, and appellants have asked this court to direct the clerk to file such application as of date January 12, 1923. There are several reasons for a refusal to comply with the request.

[1] In the first place, the application was not presented to the clerk of this court on January 12, 1923, and this court will not order its clerk to enter a false certificate on such application. The statute (article 1541) requires the clerk of the Court of Civil Appeals to note "upon his record the filing of said application" if the petition for a writ of error is filed in 30 days from the overruling of the motion for rehearing. He has no authority to file it after that time and date it back to cover accidents.

[2] The filing of the petition for a writ of error must be made within the 30 days named, in order to fix the jurisdiction of the Supreme Court, and that court alone has the authority to determine its own jurisdiction. Flattery v. Miller (Sup.) 212 S. W. 932. It cannot be determined by this court or by the clerk of this court. The clerk has no authority to enter anything but facts on the application for a writ, and it then becomes the prerogative of the Supreme Court to determine whether such facts give it jurisdiction.

[3, 4] The application for a writ was sent to the clerk by registered mail, judicially known to be the slowest method of transmitting mail. It was delivered to the postmaster at Brownsville, Tex., on January 11,

1923, as appellants represent, in time to leave at 4:30 p. m. The receipt of the postmaster does not show the hour. However that may be, the petition was not delivered to the clerk of this court until on January 13, 1923, 31 days after the motion for rehearing had been overruled. No neglect is claimed upon the part of the clerk, but it is claimed that when the package was deposited with the postmaster in Brownsville addressed to the clerk, "the postoffice department became the agent of the addressee of the package, and if that department delayed the delivery of the package, such delay is chargeable to the addressee, since it was the agent of the addressee which delayed the same." It might as well be contended that if appellants had delivered the package to a jitney driver or any class of messenger, the clerk of this court would be responsible for a failure to deliver it. Appellants chose the agent to carry the package, and if the post office department can become the agent of any one, it would be the person who created the agency, and not some one who had no connection with or knowledge of it.

It is no concern of this court whether the case ever finds a resting place in the Supreme Court or not, and it is the province of the Supreme Court to determine whether under the facts it will take the case for review. We do not propose to falsify the record in order to give that court jurisdiction.

The motion to compel the clerk of this court to file the application for writ of error to the Supreme Court on a date prior to that on which he received it is denied.