### H. A. LONG, ET AL. v. M. E. MARTIN.

No. 3715.   Decided January 31, 1923.

(247 S. W., 827.)

**Writ of Error—Time for Applying—Diligence—Entry of Judgment—Holiday.**

The Supreme Court is without jurisdiction to review a decision on writ of error unless petition for the writ is filed within thirty days after judgment; and delay therein is not excused by the fact that the applicant used due diligence.   (Schleicher v. Runge, 90 Texas, 456, and other cases followed). Time is computed from the rendition of the judgment, though it was not entered on the minutes till a later day.   An intervening public holiday (Armistice Day) is included in computing the thirty days (Hanover Fire Ins. Co. v. Shrader & Rogers, 89 Texas, 35, followed.)   (pp. 368, 369).

Error to the Court of Civil Appeals for the Seventh District in an appeal from Wichita County.

*Bullington, Boone, Humphrey & Hoffman, W. L. Eason,* and *W. E. Spell,* for appellant.

A writ of error, although presented after the lapse of two years, will be entertained if there be no motion to dismiss." Williams v. Craig, 10 Texas, 437; Article 1498 (794) (142) Paschals (1875) Laws of Texas, Page 371; Article 1389, Gammels Laws, Page 407; Article 1541, Revised Civil Statutes; Article 5502, Revised Civil Statutes.

The statute requiring the petition for writ of error to be filed with the clerk of the court of civil appeals within thirty days is not jurisdictional, mandatory or imperative, nor is it a condition precedent to the power of the Supreme Court to exercise its jurisdiction.   It is simply directory, a mere matter of practice or procedure.   Same

authorities.  Also Davis v. State, 75 Texas, 433; Railway Co. v. Hecht, 95 U. S., 168 (24 L. Ed. 424).

A petition for writ of error must be filed within thirty days from the time the order overruling the motion for a rehearing has been entered of record in the minutes of the court.  Arts. 1541; 1601; 1633; 1641; Palmo v. Slayden, 100 Texas, 13; McIver v. McIntosh, 30 S. W., 1086; Cooper v. Carter, 233 S. W., 1020; 3 C. J. 612, 615. The following propositions and authorities are submitted in support of the above proposition:

An appeal or writ of error will not lie from other than a final judgment.  1 Michie's Digest, 394; Art. 2078 and Annotations.

An appeal or writ of error cannot be maintained from an unentered judgment.  1 Michie's Digest, 397.

A judgment is not final until it is entered on the minutes.  Bassett v. Mills, 89 Texas, 165; Mills v. Paul, 30 S. W., 245; Johnson v. Smith, 14 Texas, 413; Henry v. Boulter, 26 Texas Civ. App., 387, 63 S. W., 1056; Railway Co. v. Texas Tram. & L. Co., 110 S. W., 142.

"*Entry of Judgment, Order, or Decree.*  In order that a judgment, order, or decree may be reviewed by an appellate court it must not only be rendered or made, but it must also, in most jurisdictions, be entered in permanent form as a record of the court, and, as a rule, an appeal or writ of error before such entry is premature." 3 C. J. 612.

"*Appeals from Intermediate Appellate Courts.*  The general rule requiring the rendering and entry of judgment to authorize an appeal, and the rule that a mere order for judgment, no judgment having been entered thereon, is not appealable, apply to the full extent in the case of appeals from intermediate appellate courts." 3 C. J. 615.

"When the plaintiff in error has failed to file his application within the time prescribed by law, the clerk of this court shall submit the matter to the court before filing same, with any statement of excuse which may be presented by the applicant, and the court will act upon such application to file.  If it be refused, then no record will be made of the application or the disposition of it."  Supreme Court Rules, No. 4; Articles 1523, 1524, Revised Statutes.  This rule is significant.  It simply means that if the excuse for the delay is sufficient the petition will be filed and the Supreme Court will exercise its jurisdiction.

Both at common law and by statute, when the last day of a period in which an act is to be done falls on a legal holiday, that day is excluded and the act may be done on the next succeeding day, and where the next day is a Sunday, performance may be had on the next secular day.  The rule does not apply to the maturity and protest of commercial paper entitled to days of grace.  38 Cyc. 331; In re Rose, 63 Cal., 346; Troy L. & M. Co. v. Drivers Ind. L. Co., 109 Pac. 36; Nauers Law & Col. Co., v. Standley, 84 Pac., 214; Balkwill v. Bridgeport, W. F. Co., 62 Ill. App. 663; Catherwood &

Co. v. Shepard, 30 La. Ann. 677; Garland v. Holmes, 12 Rob., 421; Ostertag v. Galbraith, 23 Neb., 730, 37 N. W., 637; Feuchtwanger v. McCool, 29 N. J. Eq., 151; In re Lang, 14 Fed. Cas. No. 8056; Hughes v. Griffis, 13 C. B. N. S. 324; United Cigar Stores Co. v. Grain Co. 212 Ill. App., 26; Prichard v. McGraw Oil & Gas. Co., 66 S. E., 366; Swenk v. Nicholls, 39 App. D. C. 350; Bristed v. Harrell, 45 N. Y. Supp., 918; Kelly v. Independent Pub. Co., 38 L. R. A. N. S., 1162.

When the last day of a period in which an act is to be done falls on a legal holiday, and that legal holiday has been created by proclamation of the Governor since such period of time began to run and within four days of the expiration of such period of time, then such last day will be excluded and the act may be done on the next succeeding day.

*Fitzgerald & Hatchitt,* and *Phillips, Townsend & Porter,* for defendants in error.

It is to be remembered that it is now twenty-six years since the opinion in the case of Schleicher v. Runge was rendered, and this Hon. Court, in the construction of said statute has on many occasions cited with approval the above opinion, and at no time has this Hon. Court seen fit to overrule or even modify said opinion, or even suggested that said opinion was not the proper construction to be placed upon said statute. This opinion has been cited with approval by this Hon. Court, and the Courts of Civil Appeals of this State at least ten times, Edmonson v. Bloomshire, 7 Wall., 306; Livingstone v. State, 70 Texas, 393; International & G. N. Ry. Co. v. State, 75 Texas, 356; Vinson v. Carter Bros., 106 Texas, 273; Henningsmeyer v. First St. Bank, 109 Texas, 116; Schleicher v. Runge, 90 Texas, 456; Flattery v. Miller, 212 S. W., 932.

A sufficient answer to the 5th proposition (effect of legal holiday) is that this court, speaking through Justice Wheeler, more than seventy years ago, decided this identical point against appellant's contention in the case of Burr v. Lewis, 6 Texas, 76. That opinion was adhered to by this court in 89 Texas, 40, in the case of Hanover Fire Insurance Co. v. Schrader, Also in 62 Texas Civ. App. Rep., p. 286, and by the Court of Civil Appeals, in the case of Ferguson v. Sanders, 176 S. W., 782. Also 196 S. W., p. 1181. Also 38 Cyc. p. 329, Sec. C. See also Ann. Cas., 1916B7n—10n—12n—16n—23n, 30 L. R. A., 498; Bilby v. Hancock, 125 S. W., 370.

Mr. Justice GREENWOOD delivered the opinion of the court.

The Court of Civil Appeals affirmed the judgment of the trial court in this case on the 25th day of May, 1921, and overruled a motion for rehearing on October 12, 1921. On the thirty-first day thereafter, on November, 12, 1921, the petition for writ of error was filed by the Clerk of the Court of Civil Appeals.

Plaintiffs in error seek to sustain this court's jurisdiction to review the judgment of the Court of Civil Appeals, on a petition filed after the lapse of more than thirty days from the overruling of the motion for rehearing on the following grounds:

First: That the order overruling the motion for rehearing was not actually entered in the minutes of the Court of Civil Appeals until less than thirty days before November 12, 1921.

Second: That the Governor of Texas having designated November 11, 1921 as a holiday by a proclamation issued November 8, 1921, it ought to be excluded in computing the thirty days allowed for the filing of the petition for writ of error.

Third: That plaintiffs in error and their counsel used due diligence to file the petition for writ of error within thirty days from the date on which the motion for rehearing was overruled.

Notwithstanding the facts disclose that the order overruling the motion for rehearing was not entered until two or three days after its rendition, and that the Governor designated as a holiday the last day allowed for the filing of the petition for writ of error, and that counsel for plaintiffs in error used the utmost diligence to file the petition in time, yet we have no jurisdiction to review the judgment of the Court of Civil Appeals.

As repeatedly announced, a judgment of the Court of Civil Appeals is not subject to review through the exercise of the appellate jurisdiction of the Supreme Court whenever thirty days elapse subsequent to the rendition of such judgment without the actual lodgment of a petition for writ of error with the Clerk of the Court of Civil Appeals. Schleicher v. Runge, 90 Texas, 456, 39 S. W., 279; Vinson v. Carter & Bro., 106 Texas, 273, 166 S. W., 363; Henningsmeyer v. Bank, 109 Texas, 116, 195 S. W., 1137, 201 S. W., 662; Flattery v. Miller, 212 S. W., 932.

In the case of Schleicher v. Runge, supra, the parties expressly stipulated in writing that the delay in filing the petition for writ of error was without fault on the part of the applicant, and the defendant in error consented that the petition might be treated as having been filed in due time. It was nevertheless determined that the delay was fatal to the exercise of jurisdiction by the Supreme Court.

The failure of the Clerk of the Court of Civil Appeals to enter the order overruling the motion for rehearing for a few days is of no avail to extend the time for presenting the petition for writ of error. That order was rightly entered as of the day when it was pronounced. Rule 65 for the Courts of Civil Appeals makes it the clerk's duty to give immediate notice by postal card upon the rendition of a judgment overruling a motion for rehearing, and further provides that even failure to receive the notice shall be no excuse for failure.

to take such future action as may be desired in reference to the case "within the time prescribed by the statutes and rules."

The holiday cannot be excluded in computing the thirty days for filing the petition. Hanover Fire Ins. Co. v. Shrader & Rogers, 89 Texas, 35, 30 L. R. A., 498, 59 Am. St., 25, 32 S. W., 872, 33 S. W., 112.

It is therefore ordered that the writ of error and the petition therefor be dismissed for want of jurisdiction.

*Dismissed for want of jurisdiction.*