NATIONAL COMPRESS CO. v. HAMLIN. L. B. PRICE MERCANTILE CO. v. MOORE. ALEXANDER v. ALEXANDER. WAGNER et al. v. TEXAS & N. O. RY. CO. MIMS et al. v. HUNKEN et al. INTERNATIONAL TRAVELERS' ASS'N v. GRIFFING. LEAVERTON v. CHAPMAN.

(Supreme Court of Texas. Feb. 18, 1925.)

1. Appeal and error ⚛️842(4)—Whether cotton was injured by warehouseman's negligence or by act of God held fact question for trial court.

Whether cotton was injured by negligence of bailee or warehouseman, in storing it on platform below previous high-water mark, or by overflow constituting unprecedented act of God, *held* fact question for trial court.

2. Appeal and error ⚛️987(2)—Supreme Court will consider existence of evidence to support findings, etc., only when record precludes fair doubt.

Under Const. art. 5, § 3, and Complete Tex. St. 1920, arts. 1521, 1522 (Vernon's Ann. Civ. St. Supp. 1918, arts. 1521, 1522) limiting Supreme Court's appellate jurisdiction to law questions, Supreme Court will review questions as to existence of any evidence supporting findings, verdicts, or judgments only when record precludes fair doubt as to fact.

3. Appeal and error ⚛️843(3)—Supreme Court cannot review exclusion of evidence, on which case could not have turned.

Where finding of Court of Civil Appeals that record contained ample evidence supporting verdict for plaintiff was not challenged by defendant, Supreme Court, under Complete Tex. St. 1921, arts. 1521, 1522 (Vernon's Ann. Civ. St. Supp. 1918, arts. 1521, 1522), cannot review exclusion of evidence that plaintiff and her husband and daughter had maintained suits within two years for alleged injuries, of which no objective symptoms were found.

4. Appeal and error ⚛️842(11)—Supreme Court cannot consider excessiveness of damages for injuries.

Excessiveness of damages awarded for personal injuries is pure fact question, which Supreme Court cannot review.

5. Appeal and error ⚛️84(1)—Supreme Court cannot review judgment of Court of Civil Appeals on appeal from judgment overruling plea of privilege.

Judgment overruling plea of privilege is strictly interlocutory, and Supreme Court cannot review judgment of Court of Civil Appeals on appeal from such order, in absence of express statutory authority.

6. Appeal and error ⚛️345(2)—Supreme Court cannot review appellate court's denial of motion for rehearing on petition for writ of error filed over 30 days afterward.

Under Rev. St. art. 1541, Supreme Court cannot review refusal of Court of Civil Appeals to grant rehearing, on petition for writ

of error, filed more than 30 days after overruling of motion and filing of opinion thereon.

7. Appeal and error ⚛️345(2)—Second motion for rehearing cannot be used to secure extension of time to complain of rulings on previous motion.

Second motion for rehearing cannot be used to secure extension of time to complain of rulings on previous motion.

8. Appeal and error ⚛️34—Question not reasonably within aim, purpose, or intent of statute not reviewable by Supreme Court.

Supreme Court has no jurisdiction, under Rev. St. art. 1521, subd. 3, because of question claimed to be within aim, purpose, or intent of statute, meaning of words of which is plain, unless there is at least reasonable ground for attempt to apply statute.

9. Appeal and error ⚛️34—Overruling objections to questions designed to discredit defendant as witness held not reviewable by Supreme Court as involving construction of statute.

Overruling objections to relevant questions on cross-examination of defendant as to whether he was lying *held* not comment on his credibility or weight of his testimony, in violation of Rev. St. art. 1971, and hence not reviewable by Supreme Court, under Rev. St. art. 1521, subd. 3, as involving construction of statute.

10. Courts ⚛️247(7)—Refusal to reverse judgment because of argument as to how special issues should be answered held not reviewable by Supreme Court as in conflict with other decisions.

Refusal of Court of Civil Appeals to reverse judgment because of counsel's argument as to how each special issue should be answered *held* not reviewable by Supreme Court as in conflict with decisions of other Courts of Civil Appeals holding it improper for counsel to argue legal effect of answers to special issues.

11. Appeal and error ⚛️361(2)—Important error of law in case not within final jurisdiction of Court of Civil Appeals necessary to confer jurisdiction on Supreme Court.

To confer jurisdiction on Supreme Court, under Rev. St. art. 1521, subd. 6, application for writ of error must show that Court of Civil Appeals committed error of law of importance to state's jurisprudence, and requiring correction as probably and harmfully misleading to trial and intermediate courts, in case not within the final jurisdiction of the Court of Civil Appeals.

12. Appeal and error ⚛️42—Supreme Court held without jurisdiction to review decision that holders of vendors' lien notes were not chargeable with knowledge of vendors' homestead rights.

Where jury found that lots were conveyed to consummate bona fide sale, and not to disguise mortgage, Court of Civil Appeals did not err in overruling, without comment, contention that holders of vendors' lien notes on lots were not chargeable with knowledge of vendor's homestead rights, and Supreme Court cannot review such decision under Rev. St. art. 1521, subd. 6, or otherwise.

**13. Appeal and error ☜1082(2)—Error not assigned not considered by Court of Civil Appeals or Supreme Court.**

Defendant not urging in Court of Civil Appeals assignment of error in excluding evidence cannot raise such question in that court or Supreme Court.

**14. Appeal and error ☜750(3)—Exclusion of evidence not raised by assignment challenging judgment as contrary to undisputed facts.**

Assignment challenging judgment as contrary to undisputed facts in evidence does not complain of ruling excluding evidence.

**15. Appeal and error ☜719(5)—Admission or exclusion of evidence not fundamental error.**

Mere admission or exclusion of evidence is not fundamental error reviewable without assignment of error.

**16. Appeal and error ☜34—Decision of case involving validity and construction of statute reviewable by Supreme Court.**

Decision of Court of Civil Appeals in case involving validity and construction of Acts 38th Leg. (1923) c. 19, authorizing maintenance of suits in nature of bills of discovery and award of relief therein in accordance with usages of courts of equity, may be reviewed by Supreme Court.

**17. Creditors' suit ☜7—Discovery may be decreed to compel disclosure of assets or fraud in conveyance of judgment debtor's property.**

Under Acts 38th Leg. (1923) c. 19, discovery to compel disclosure of assets or fraud in conveyance of property by judgment debtor may be decreed to enforce judgment at law, as well as in aid of pending or contemplated suit.

**18. Creditors' suit ☜2—Statute authorizing suits in nature of bills of discovery held valid.**

Acts 38th Leg. (1923) c. 19, authorizing suits in the nature of bills of discovery, *held* valid.

Action by R. L. Hamlin against the National Compress Company. Judgment for plaintiff affirmed (264 S. W. 488), and defendant applies for writ of error. Application dismissed.

Action by Maggie Moore against the L. B. Price Mercantile Company. Judgment for plaintiff affirmed (263 S. W. 657), and defendant applies for writ of error. Application dismissed.

Action by Gertrude Alexander against Samuel Alexander. Judgment overruling plea of privilege affirmed (265 S. W. 1072), and defendants apply for writ of error. Petition dismissed.

Action by Mrs. Mamie Wagner and others against the Texas & New Orleans Railway Company. Judgment for plaintiffs reversed and remanded (262 S. W. 902), and they petition for writ of error. Petition dismissed.

Action by J. C. Hunken and another against T. H. Mims and wife. Judgment for plaintiffs reformed and affirmed (262 S. W. 930). On motion for rehearing after refusal of petition for writ of error. Motion overruled.

Action by Elise S. Griffing against the International Travelers' Association. Judgment for plaintiff affirmed (264 S. W. 263). On motion for rehearing after dismissal of application for writ of error. Motion overruled.

Suit by J. L. Chapman, Banking Commissioner, against H. A. Leaverton. Judgment sustaining demurrer to petition reversed and remanded (263 S. W. 1083). On motion for rehearing after refusal of petition for writ of error. Motion overruled.

Sharp & Tirey, of Ennis, and Sleeper, Boynton & Kendall, of Waco, for plaintiff in error National Compress Co.

GREENWOOD, J. Should the court's long-established practice be followed, no written opinions would be filed in disposing of the applications for writs of error in the above-styled causes. The questions presented by these applications, however, are typical of so great a number which are constantly brought here for review that we have deemed it important to state the questions and the grounds for the conclusions that they are without or within the court's jurisdiction.

[1] The first application is in a suit where defendant in error, Hamlin, recovered a judgment of plaintiff in error, National Compress Company, for damages to cotton from the overflow of a creek, while the cotton was in the possession of plaintiff in error as bailee or warehouseman. In its last analysis the error of the Court of Civil Appeals, which we are asked to review under various assignments, consisted in deciding that the evidence raised a question of fact as to whether the cotton was injured by the negligence of defendant in error or by an overflow constituting an unprecedented "act of God." The application discloses evidence which made it the plain duty of the trial court to treat the question as one of fact, such, for instance, as that the cotton was stored by defendant in error on a platform, not above a known previous high-water mark, and where cotton had only a few years before suffered substantial damage from overflow. Choate v. Railway Co., 91 Tex. 409, 44 S. W. 69; Wilson v. Freeman, 108 Tex. 125, 185 S. W. 993, Ann. Cas. 1918D, 1203.

[2] In this state of the record the Constitution forbids that we should take jurisdiction of the application. Section 3, of article 5, of the Constitution, restricts the appellate jurisdiction of the Supreme Court to questions of law. The statutes regulating the

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

269 S.W.—65

court's jurisdiction are equally explicit in forbidding any extension of the court's appellate jurisdiction beyond questions of law. Arts. 1521, 1522, Complete Texas Statutes (Vernon's Ann. Civ. St. Supp. 1918, arts. 1521, 1522). The opinion in Decker v. Kirlicks, 110 Tex. 90, 216 S. W 385, approved in Holland v. Nimitz, 111 Tex. 431, 232 S. W. 298, 239 S. W. 185, was intended to make plain that the Supreme⁻ Court will undertake to review questions as to the existence or nonexistence of any evidence to support findings, verdicts, or judgments only when the record seems to preclude fair doubt as to the existence or nonexistence of evidence. Otherwise, we could not say that the action sought to be corrected was "flagrantly wrong."

Applying these rules we cannot do otherwise than dismiss the Compress Company's application for writ of error, for want of jurisdiction. It is so ordered.

[3] By the second application, plaintiff in error, L. B. Price Mercantile Company, seeks to review a judgment of the Beaumont Court of Civil Appeals, affirming a judgment against it for personal injuries inflicted on defendant in error, Maggie Moore, by agents of plaintiff in error. The principal contention in this petition is that the court should review the exclusion of evidence tending to show that defendant in error, her husband, and her daughter had each maintained two suits within two years for alleged personal injuries, of which no objective symptoms were found. Plaintiff in error in nowise challenges the finding of the Court of Civil Appeals that the record contains ample evidence of an unjustifiable assault on defendant in error by plaintiff in error's agents, resulting in her injury substantially as alleged, and as found by the jury. Thus it appears that the case could not possibly be held to turn on the excluded testimony. We had no jurisdiction of a complaint about the exclusion of such testimony under the "substantive law rule," and we have none under the present statute. Browder v. Independent School District, 107 Tex. 538, 180 S. W. 1077; Smith v. Butcher, 110 Tex. 618, 223 S. W. 166; Kirksey v. Traction Co., 110 Tex. 193, 217 S. W. 139; Hartt v. Yturia Cattle Co. (Tex. Com. App.) 228 S. W. 551.

[4] The only other asserted ground of jurisdiction is based on alleged excessiveness in the damages awarded plaintiff in error. Here a pure question of fact is raised which this court has been denied power to review. Dillingham v. Richards, 87 Tex. 247, 28 S. W. 272; I. & G. N. R. R. Co. v. Goswick, 98 Tex. 477, 85 S. W. 785; Burrell Eng. & Const. Co. v. Grisier, 111 Tex. 447, 240 S. W. 899. Hence this petition is also dismissed as presenting only matters without our jurisdiction.

[5] The writ of error in the case of plaintiffs in 'error, Samuel Alexander et al.,

against defendant in error, Gertrude Alexander, is sought to revise a judgment of the Court of Civil Appeals affirming a judgment of the district court overruling plaintiffs in error's pleas of privilege. A judgment overruling a plea of privilege is strictly interlocutory, leaving all issues between the parties yet to be adjudicated by final judgment. The purpose of the plea is to secure an adjudication as to where the cause should be tried and the final judgment rendered. The statute declares in plain language that judgments of the Courts of Civil Appeals are final in all appeals from interlocutory orders. Where it was intended, despite this declaration, for the Supreme Court to revise a judgment of the Court of Civil Appeals in an appeal from an interlocutory order, the Legislature has used language plainly disclosing such intent, as in the statutes dealing with the revision of orders with respect to temporary injunctions. No language of this sort can be found in the statutory provisions for the review of orders on pleas of privilege.

The statutes have been frequently construed and applied in such a way as to preclude the exercise of jurisdiction by the Supreme Court to review the judgment of the Court of Civil Appeals here complained of, and the petition for writ of error is accordingly dismissed. Hinn v. Gallagher, 114 Tex. ——, 268 S. W. 132; Magouirk v. Williams (Tex. Com. App.) 249 S. W. 185; Izaguirre v. Evans (Tex. Com. App.) 249 S. W. 187; Perkins v. Texas Bank & Trust Co. (Tex. Com. App.) 249 S. W. 186.

[6] Plaintiffs in error, Mrs. Mamie Wagner et al., recovered a judgment in the district court against defendant in error, Texas & New Orleans Railway Company, for $26,500 damages for the death of F. G. Wagner, as the proximate result of negligence of defendant in error. On the 28th day of November, 1923, the Galveston Court of Civil Appeals reversed this judgment and remanded the cause to the district court, with an opinion filed by Associate Justice Lane on the 14th day of December, 1923 (267 S. W. 902). Considering that the judgment of the district court should have been affirmed, Associate Justice Graves filed an extended dissenting opinion on the 10th day of January, 1924. On the 28th day of February, 1924, the motion for rehearing of plaintiffs in error was overruled, and thereafter, on March 6, 1924, a written opinion on the motion for rehearing was filed by Chief Justice Pleasants, followed by a dissenting opinion of Associate Justice Graves on March 13, 1924. On April 17, 1924, plaintiffs in error's motion to certify the points of dissent to the Supreme Court was overruled. On the 17th day of April, 1924, Chief Justice Pleasants filed an opinion, correcting one paragraph of his opinion on rehearing, but

containing no new ruling against plaintiffs in error. On April 21, 1924, plaintiffs in error filed a second motion for rehearing, which was overruled on May 1, 1924, with Associate Justice Graves dissenting. On May 5, 1924, plaintiffs in error filed their petition for writ of error in the Court of Civil Appeals. It thus appears that the petition for writ of error was filed on the fourth day after plaintiffs in error's second motion for rehearing was overruled, but long after the expiration of 30 days after their first motion for rehearing was overruled, and after the opinions thereon were filed, except the corrective opinion of April 17, 1924.

[7] On the facts stated it is the settled rule that the petition filed on May 5, 1924, conferred no jurisdiction on this court. Article 1541 of the Revised Statutes requires the filing of the petition for writ of 'error with the clerk of the Court of Civil Appeals "within thirty days from the overruling of the motion for rehearing." Long v. Martin, 112 Tex. 365, 247 S. W. 827. When plaintiffs in error allowed 30 days to elapse from, not only the date of overruling their motion for rehearing, but from the date of filing of the opinion of Chief Justice Pleasants of March 6, 1924, the time had passed to invoke the appellate jurisdiction of this court to review the order refusing to grant the rehearing or any ruling embodied in Chief Justice Pleasants' opinion. Had the Court of Civil Appeals rendered any decision against plaintiffs in error on April 17, 1924, or at any other time within 30 days before they filed their petition for writ of error, of a nature subject to review by this court, a different question would be presented. This case is one where plaintiffs in error simply seek to use a second motion for rehearing as a means to secure an extension of time to complain of rulings made, not on such second motion, but on a previous motion for rehearing. A second motion cannot be used to accomplish any such end. Henningsmeyer v. Bank, 109 Tex. 116, 195 S. W. 1137, 201 S. W. 652; Vinson v Carter, 106 Tex. 273, 166 S. W. 363; Smith v., Patton (Tex. Com. App.) 241 S. W. 109.

It follows that the petition for writ of error, filed May 5, 1924, should be dismissed for want of jurisdiction, and it so ordered. But this order will be without prejudice to the rights of plaintiffs in error, if any, under any other application tendered the clerk of the Court of Civil Appeals prior to May 5, 1924, should this court direct same to be filed.

Defendants in error J. C. Hunken and E. H. Coombs sued plaintiffs in error T. H. Mims and wife, Rena Mims, to recover the amount of two notes, with foreclosure of vendor's lien on certain lots. Plaintiffs in error answered that the lots were their homestead; that the vendor's lien notes were void, because executed in an attempt to mortgage the homestead in violation of the Constitution; that plaintiff in error T. H. Mims deceived his wife in order to secure her joinder in the purported conveyance of the lots under which the notes were given; and that defendants in error had actual or constructive notice of the rights of plaintiffs in error. The district court rendered judgment for defendants in error, foreclosing the vendor's lien upon the lots, on a special verdict finding that the sale of the lots was bona fide. The Court of Civil Appeals reduced the amount for which the foreclosure was decreed, and affirmed the judgment of the district court, and this court refused a petition for writ of error. The case is now before us on motion for rehearing.

On the trial before the jury the court overruled objections by plaintiffs in error to questions propounded to T. H. Mims as to whether he had lied, was lying, or would lie to keep the lots. Urging that the rulings of the trial judge constituted comment on the weight of the testimony of the witness, which is forbidden by article 1971 of the Revised Statutes, plaintiffs in error ask that we determine whether the rulings were reversible error, insisting that the construction of a statute is involved.

[8] Questions as to the construction of a statute arise in two ways. The first is where the real sense or meaning of the words of the statute is to be determined. The second is where such meaning is perfectly plain, and it is sought to have the statute applied to a subject not explicity dealt with, but which is considered within the true aim, purpose, or intent of the statute. Where a real controversy is presented on the meaning of the terms of a statute, on which a judgment turns, not final in the Court of Civil Appeals, the Supreme Court clearly has jurisdiction under subdivision 3 of article 1521 of the Revised Statutes. It is just as plain that it was not intended for the Supreme Court to take jurisdiction merely because a question has arisen which a party claims may be brought within the scope of a statute by looking not only to its terms but to its aim, purpose, or intent. In cases of the kind last mentioned, this court will not treat a case as involving the construction of the statute, unless there can be said to be at least reasonable ground for the attempt to apply the statute. Under that test we do not think we should assume jurisdiction of plaintiffs in error's case.

[9] Neither of the courts below ruled that the statute allows a trial judge to comment to a jury on the weight of evidence. So far as this record discloses, the courts below and all the parties are agreed that the statute forbids such comment. What the district judge did, which the Court of Civil Appeals refused to declare to be reversible er-

ror, was to merely overrule objections to questions which must be regarded as relevant when viewed in the light of the charges made by plaintiffs in error themselves against T. H. Mims. True it is that the questions were designed to discredit the witness. But it is one of the principal and rightful purposes of a cross-examination to discredit an adversary's witness. So, while the district judge might well have required counsel to use less offensive language in conducting the cross-examination,. we think it entirely plain that there is no substantial basis for the contention that by his rulings the trial judge made any comment on the credibility of this witness or on the weight of his testimony, and hence there is no substantial basis for the claim that there was any violation of article 1971.

We therefore decline to take jurisdiction under subdivision 3 of article 1521, for the lack of substance in the complaint that the case involves the construction of a statute.

[10] The Court of Civil Appeals refused to reverse the judgment of the district court because of the conduct of counsel for defendants in error in arguing how each special issue should be answered, and in requesting a juror to write answers to each special issue on a copy of the court's charge, it appearing that the juror wrote the answers to one issue to the effect that the sale of the lots was bona fide, before he returned the copy to counsel, and it appearing that the district court overruled the objections of plaintiffs in error that the conduct of counsel for defendants in' error was prejudicial, irrelevant, without authority of law, and gave undue prominence to defendants in error's contentions.

The jurisdiction of this court is invoked on the ground that the decision of the Court of Civil Appeals is in conflict with decisions of other Courts of Civil Appeals, in cases such as G. H. & H. R. Co. v. Fleming, 203 S. W. 105, where it was held improper for counsel to argue to a jury the legal effect of answers to special issues. What counsel did in this case was to indicate what he considered the right answers to the questions submitted to the jury. To argue how special issues should be rightly determined is not to discuss the legal effect of their right determination. Hence, whether counsel did or did not pursue a proper course to impress on the jury what he considered the right answers, nothing he did can be construed to be a violation of the doctrine, announced by some of the Courts of Civil Appeals, which condemns statements of the legal effect of special findings. Therefore we must decline to take jurisdiction to review the decision of the Court of Civil Appeals on the alleged conflict of decisions.

It is insisted that the Supreme Court has jurisdiction, to review the decision of the Court of Civil Appeals that. defendants in error were not charged with knowledge of the homestead rights of plaintiffs in error, on the ground that in rendering such decision the Court of Civil Appeals committed an error of law of such importance to the jurisprudence of the state as in the opinion of the Supreme Court should require correction.

[11] It is essential to confer jurisdiction on the Supreme Court, under subdivision 6 of article 1521, for the application to disclose, first, that the Court of Civil Appeals committed an error of law; second, that such error of law was of importance to the jurisprudence of the state; third, that the Supreme Court, in its discretion, should conclude that the error was of such a nature as to require correction; and, fourth, that the error was not committed in a case within the final jurisdiction of the Court of Civil Appeals.

The main purpose of the grant of power to the Supreme Court under subdivision 6 was to enable the court to prevent the defeat of the substantial rights of parties under fundamental principles of law and equity. It was not designed for the Supreme Court to correct every error even of law in cases excluded from the final jurisdiction of the intermediate courts. It was intended that the court should exercise wise discretion in determining whether errors of law shown should be regarded as probably and harmfully misleading to the trial and intermediate courts, in the administration of justice, so as to require correction through this court's exercise of reasonable care to safeguard the state's jurisprudence.

[12] To state these conclusions is to refute the contention that we should exercise jurisdiction in order to review the decision of the Court of Civil Appeals in refusing to sustain the assignment that defendants in error were chargeable with knowledge of the homestead rights of plaintiffs in error, Mims and wife. For, under the jury's findings that the conveyance of the lots by plaintiffs in error was to consummate a bona fide sale, and not to disguise a mortgage, there was no error in the action of the Court of Civil Appeals in overruling, without comment, the complaint about defendants in error not being held chargeable with knowledge of plaintiffs in error's homestead rights. So this assignment fails to disclose an error within the purview of subdivision 6, not only through lack of showing an error of law of such importance to the jurisprudence of the state as the court should regard as requiring correction, but for lack of disclosing any error whatever.

Since the court was without authority to review any question presented by plaintiffs in error, T. H. Mims and wife, their application was properly dismissed for want of

jurisdiction, and the motion for rehearing is overruled.

[13] The court heretofore dismissed the application in the case of International Travelers' Association v. Elise S. Griffing, and we now have before us a motion for rehearing. In an argument in support of the motion, it is said:

"We most earnestly urge upon- the court that the admissibility in evidence and the exclusion thereof of the amendments to the by-laws of the association was practically the only issue in the case. The judgment itself and the entire record shows that, had the by-laws been introduced in evidence, it would have defeated recovery and, being excluded, created liability."

As admitted in this argument, the court was of opinion in dismissing the application that the association's liability could not be successfully questioned, if the amended by-laws were properly excluded, and we thought then, as we rule now, that plaintiff in error was not in any position to ask the Court of Civil Appeals or this court to correct any error in the exclusion of the amended by-laws, because no assignment of error was urged in the Court of Civil Appeals complaining of the action of the trial court in refusing to admit the amended by-laws.

[14, 15] It is quite impossible to hold that an assignment challenging a judgment as contrary to undisputed facts in evidence complains of a ruling of the trial court which kept certain facts from ever being received in evidence. Nor can we regard as fundamental errors with respect to the mere admission or exclusion of proffered evidence. No court has perhaps been more liberal than this one in determining the necessity for assignments of error. But, where a party offers evidence which is excluded, and he fails to assign error on its exclusion, it must be assumed, for the purposes of his appeal, that he finally recognizes the correctness of the court's action. The Texas decisions have uniformly so declared for more than half a century. Anderson v. Anderson, 23 Tex. 642; Railway Co. v. Berry, 67 Tex. 241, 5 S. W. 817; Swearingen v. Reed, 2 Tex. Civ. App. 364, 21 S. W. 384(2); Hale v. Bickett, 34 Tex. Civ. App. 369, 78 S. W. 531; Browder v. Memphis Ind. School Dist. (Tex. Civ. App.) 172 S. W. 155 (3). A contrary rule would preclude the possibility of reasonable expedition in the administration of appellate justice. Pearson v. Flanagan, 52 Tex. 277.

Our jurisdiction in this case being dependent on plaintiff in error being in a position to complain of the exclusion of the amended by-laws, the petition of the International Travelers' Association was rightly dismissed for want of jurisdiction, and the motion for rehearing is overruled.

[16] This court refused the petition for writ of error in the case of H. A. Leaverton et al. v. J. L. Chapman, Commissioner, et al. Plaintiffs in error have presented an able motion for rehearing.

There can be no doubt of our jurisdiction to review the decision of the honorable court of Civil Appeals in this case. The determination of the case depended on the validity and construction of chapter 19 of the Acts of the Thirty-Eighth Legislature, authorizing maintenance in the Texas courts of suits in the nature of bills of discovery, and the award of relief therein, in accordance with the usages of courts of equity.

[17] The principal contention of plaintiffs in error is that discovery under this statute should not be decreed in Texas in order to compel disclosure of assets or of fraud in the conveyance of property by a judgment debtor, in the absence of a suit pending or contemplated. It is earnestly insisted that the usages of equity support a decree for discovery only in aid of a suit pending or contemplated.

[18] Appreciating that the application presented a serious question of statutory construction, of far-reaching importance to the jurisprudence of the state, we gave the case careful consideration. The application was refused because we were satisfied that the statute was valid and that it was correctly construed by the Court of Civil Appeals. Our re-examination of the questions raised in the motion for rehearing confirms us in these views.

We believe that Chancellor Kent, in Hendricks v. Robinson, 2 Johns. Ch. (N. Y.) 296, made a declaration in accord with the usages of courts of equity, in saying:

"I have no doubt that this court can and ought to lend its aid whenever that aid becomes requisite, to enforce a judgment at law, by compelling a discovery and account, either as against the debtor, or as against any third person who may have possessed himself of the debtor's property and placed it beyond the reach of an execution at law."

The above declaration of Chancellor Kent is fully supported by the cases cited in note 26 at page 5094 of 5 Pomeroy's Equity Jurisprudence, and by 1 Story's Equity Jurisprudence, § 109, and 2 Story's Equity Jurisprudence, § 928.

Having rightly disposed of the petition for a writ of error, the motion for a rehearing by plaintiffs in error, H. A. Leaverton et al., is overruled.