TRIBBLE v. UVALDE CO. (No. 1014–4901.)

Commission of Appeals of Texas, Section A.
Nov. 30, 1927.

1. Appeal and error ⬅️345(2)—Application for writ of error, filed more than 30 days after Court of Civil Appeals overruled first motion for rehearing, held too late, irrespective of second motion (Rev. St. 1925, art. 1742).

Where original motion to Court of Civil Appeals for rehearing was overruled without new ruling or any different disposition of case, application for writ of error to Supreme Court, filed more than 30 days from overruling original motion for rehearing, was not filed within time, under Rev. St. 1925, art. 1742, though filed within 30 days after second motion for rehearing had been overruled.

2. Appeal and error ⬅️356—Writ of error must be filed within statutory time to confer jurisdiction on Supreme Court to review decision of Court of Civil Appeals (Rev. St. 1925, art. 1742).

Filing of application for writ of error with clerk of Court of Civil Appeals within time prescribed by Rev. St. 1925, art. 1742, is necessary to confer jurisdiction on Supreme Court.

3. Appeal and error ⬅️345(2)—In absence of new ruling or different disposition by Court of Civil Appeals, time for filing writ of error runs from overruling original motion for rehearing (Rev. St. 1925, art. 1742).

Rev. St. 1925, art. 1742, requiring petition for writ of error to Supreme Court to be filed with clerk of Court of Civil Appeals within 30 days from overruling of motion for rehearing, refers to original motion for rehearing, unless Court of Civil Appeals makes new ruling or different disposition of case.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Suit by the Uvalde Company against C. C. Tribble and others. Judgment for the named defendant was reversed and rendered in part, and affirmed in part, by the Court of Civil Appeals (292 S. W. 932), and defendant named brings error. Writ of error dismissed.

Thomson, Dilworth & Marshall, of San Antonio, for plaintiff in error.
Terrell, Davis, Huff & McMillan, of San Antonio, for defendant in error.

CRITZ, J. The defendant in error has filed a motion to dismiss the writ of error heretofore granted in this case on the 19th day of October, 1927.

[1] The record discloses on its face that the original opinion was delivered and filed by Chief Justice Fly in the Court of Civil Appeals for the Fourth District on March 2, 1927, and judgment was entered by said court on the same day. On the 30th day of March, 1927, the original motion for rehearing was overruled in a written opinion by said court, but no new ruling or different disposition of the case was made.

On the 14th day of April, 1927, plaintiff in error filed a second motion for rehearing, and this motion was overruled without opinion on the 27th day of April, 1927. The application for writ of error was filed in the Court of Civil Appeals on the 25th day of May, 1927. Thus it will be seen that the application for writ of error was filed within 30 days after the second motion for rehearing was overruled, but more than 30 days after the first motion was overruled.

Article 1742, Revised Civil Statutes of Texas 1925, which prescribes the time of filing application for writ of error to the Supreme Court, provides:

"The petition shall be filed with the clerk of the Court of Civil Appeals within thirty days from the overruling of the motion for rehearing."

We think that the motion to dismiss the writ of error should be granted for the reason that the record clearly discloses that the application was filed more than 30 days after the overruling of the original motion for new trial. Schleicher v. Runge, 90 Tex. 456, 39 S. W. 279; Vinson v. Carter, 106 Tex. 273, 166 S. W. 363; Henningsmeyer v. First State Bank of Conroe, 109 Tex. 116, 195 S. W. 1137, 201 S. W. 652; Smith v. Patton (Tex. Com. App.) 241 S. W. 109; National Compress Co. v. Hamlin, 114 Tex. 375, 269 S. W. 1024.

[2] The filing of the application for writ of error within the time prescribed by statute is necessary to confer jurisdiction on the Supreme Court. Vinson v. Carter, 106 Tex. 273, 166 S. W. 363.

In the case of National Compress Co. v. Hamlin, above cited, our Supreme Court, speaking through Judge Greenwood, says:

"Had the Court of Civil Appeals rendered any decision against plaintiffs in error on April 17, 1924, or at any other time within 30 days before they filed their petition for writ of error, of a nature subject to review by this court, a different question would be presented."

There is nothing in the record in this case to bring it within the rule announced by Judge Greenwood in the case last referred to. No new ruling or disposition of the case is made in the order of date March 30, 1927, overruling original motion for rehearing, and no different ruling or disposition is made in the last order of date April 14, 1927, overruling the second motion.

In the case of Henningsmeyer v. First

State Bank of Conroe, our Supreme Court, speaking through Judge Phillips, says:

"We think the motion to dismiss should be granted. In order for this court to have jurisdiction upon petition for writ of error, it is required, as a condition precedent, that the petition be filed with the clerk of the Court of Civil Appeals within 30 days from the overruling of the motion for rehearing in that court. Schleicher v. Runge, 90 Tex. 456, 39 S. W. 279. The statute on the subject (article 1541) [now article 1742] is imperative, and must be complied with. If merely to have additional time for the filing of the petition for writ of error successive motions for rehearing may be filed, the statute is rendered of no effect."

[3] The motion for rehearing referred to in the statute (article 1742) clearly refers to the original motion for rehearing, unless the Court of Civil Appeals should, while the case is there pending, make a new ruling or different disposition of the case.

We therefore recommend that the motion of the defendant in error, the Uvalde Company, be granted, and that the writ of error heretofore granted herein be dismissed.

CURETON, C. J. The writ of error is dismissed, as recommended by the Commission of Appeals.