PRESTON POPE REYNOLDS V. DALLAS COUNTY ET AL.

No. A-1408. Decided January 7, 1948.
Rehearing overruled February 4, 1948.

*Claud C. Westerfeld*, of Dallas, for appellant.

*Dean Gauldin*, District Attorney, and *Ogden, Moseley & Foshee*, all of Dallas, for appellee.

MR. JUSTICE SHARP delivered the opinion of the Court.

This case is before this Court on certified questions from the Court of Civil Appeals at Amarillo. The following are the essential facts involved:

This suit was filed in the District Court of Dallas County by Preston Pope Reynolds, a taxpayer and resident of that county, on behalf of himself and all others similarly situated, against Dallas County and Al Templeton, the County Judge, in which appellant sought to enjoin the appellees from using voting machines in elections, from liquidating outstanding indebted-

ness created by the purchase of such voting machines, and from purchasing other like machines for such purpose. It was alleged that Article 2997a, Vernon's Annotated Civil Statutes, as amended by the 49th Legislature in 1945, is invalid.

The case was submitted to the trial court without a jury, and resulted in a judgment denying appellant any relief. An appeal was perfected to the Court of Civil Appeals at Dallas, and under an order of this Court equalizing the dockets of the courts of civil appeals the case was transferred to the Court of Civil Appeals at Amarillo. On June 2, 1947, the Court of Civil Appeals affirmed the judgment of the trial court, 203 S. W. (2d) 320.

Rule 458 of the Texas Rules of Civil Procedure, as amended on October 10, 1945, provides that any party desiring a rehearing of any matter determined by any court of civil appeals may within fifteen days after the date of rendition of the judgment or decision of the court file with the c'erk of the court his motion in writing for a rehearing thereof. Rule No. 5 of the Texas Rules of Civil Procedure provides that when by the rules an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion, order the period enlarged, if application therefor is made before the expiration of the period originally prescribed; or upon motion it may permit the act to be done after the expiration of the specified period, where good cause is shown for the failure to act; but it may not enlarge the period for taking any action under the rules relating to new trials or motions for rehearing, except as stated in the rules relating thereto.

On July 11, 1947, thirty-nine days after the Court of Civil Appeals handed down its opinion and entered judgment affirming the judgment of the trial court, appellant tendered to the Court of Civil Appeals his motion for rehearing, and accompanied it with a motion in which he requested and prayed the court to permit his motion for rehearing to be filed. The motion sets up what he alleges to be good cause for his failure to file same within fifteen days after the rendition of the judgment and decision of the court. Attached to the motion is the affidavit of his attorney of record, in which it is shown that on the afternoon of June 10, 1947, while he was engaged in preparing the motion for rehearing, he was stricken with a severe attack of high blood pressure, which was followed by a stroke of apoplexy, and he was thereby rendered unconscious and blind. He was confined to his bed for many days, and was barely able to leave his bed at the time he prepared the motion

on July 10, 1947. The motion and affidavit further state that the illness destroyed the ability of counsel to read or write, until a few days before the motion for rehearing was prepared, and the affidavit is supported by the sworn certificate of a physician who treated the attorney. The doctor's certificate was executed June 17, 1947, and in it he certified that the attorney was then confined to his bed, and in his opinion would be disabled for four to six weeks thereafter.

The record shows that the attorney who was sick was the only attorney representing appellant in the trial court and in the appeal. The record further shows that the appellant himself is an attorney at law, but the affidavit states he was out of the city and did not know when his counsel received the court's opinion or that the fifteen day period had expired.

We quote from the certificate of the Court of Civil Appeals as follows:

"Our construction of Rule No. 458 and Rule No. 5 is that, under their plain and unambiguous provisions, this Court is without authority to permit the filing of a motion for rehearing after the expiration of fifteen days from the date of rendition of the judgment or decision of this Court or to consider the same even though good cause for the delay might be shown. However, in the case of Teal v. State, 191 S. W. (2d) 684, upon consideration of the motion of the appellant for rehearing, the Court of Criminal Appeals held that the time for filing a motion for rehearing in that court is governed by the rules as applied in civil cases and that the appellant had not filed his motion within the fifteen days allowed by the rules. The opinion states that the appellant sought to excuse himself from timely filing his motion but that the proof offered in support thereof furnished no reason why he should not have filed his motion for rehearing within the time required by Rule 458. It is further stated in the opinion that 'We are authorized to disregard such rule in the filing of motions for rehearing in this court only for exceptional reasons when the appellant is not to blame for the delay.' No such exceptional reason was shown and the court therefore dismissed the motion for rehearing.

"It will be seen that the holding of the Court of Criminal Appeals is to the effect that that court is governed by the rules of Civil Procedure and that its opinion indicates strongly, if, in fact, it does not hold directly, that the rules in question may be disregarded for exceptional reasons when the party seeking a rehearing is not to blame for the delay.

"We are not agreed upon the question of whether or not the motion of appellant for leave to file his motion for rehearing and the affidavit attached thereto show good cause for the delay in tendering his motion for a rehearing and, as shown by the dissenting opinion attached, one member of the Court does not concur in the conclusion of the majority to certify the matter to your Honorable Court for a decision of the questions herewith submitted.

"In view of the seemingly inflexible language of Rules No. 458 and No. 5, Texas Rules of Civil Procedure, in reference to the power of the appellate court to enlarge the time for filing motions for rehearing, and the expressions of the Court of Criminal Appeals indicating that such rules are not inflexible, the majority of this Court deem it expedient and advisable to certify to the Supreme Court the following questions:

"First, Does this Court have authority under Rules No. 458 and No. 5, Texas Rules of Civil Procedure, to extend or enlarge the time provided by Rule 458 in which motions for rehearing may be filed when good cause for delay is shown?

"Second: Does the motion of appellant in which he prays for an extension of the time allowed him under the rules to file his motion for a rehearing, and the affidavit attached thereto, show good cause for the delay in tendering his motion for a rehearing?"

The first question certified calls for the construction of Rule 458 and Rule 5. Rule 458 allows fifteen days for filing a motion for rehearing. The source of that rule was Article 1877 of the Revised Civil Statutes, which was replaced by Rule 458. The courts of civil appeals in construing Article 1877 held that they had the power to extend the time upon motion to file a motion for rehearing, presented after the fifteen-day period, where good cause was shown for not filing it within the time required. Black v. Nabarette, 281 S. W. 1087; Knodel v. Equitable Life Ins. Co., 221 S. W. 941. It will be noted that those decisions were rendered prior to the adoption of Rule 5, which must be construed in connection with Rule 458.

Rule 5 specifically provides that the court "may not enlarge the period for taking any action under the rules relating to new trials or motions for rehearing except as stated in the rules relating thereto or the period for taking an appeal or writ of error from the trial court to any higher court or the period for application for writ of error in the Supreme Court, except as stated in the rules relating thereto."

Rule 468 relates to filing an application for writ of error, and reads:

"The application shall be filed with the clerk of the Court of Civil Appeals within thirty days after the overruling of the motion for rehearing, or within thirty days after the overruling of a final motion for rehearing if filed under Rule 458, provided that when the thirtieth day falls on Sunday or legal holiday the petition may be filed on the next day following which is neither a Sunday nor a legal holiday."

This Court has uniformly held that applications for writs of error not filed within the thirty-day period prescribed by Rule 468 will not be considered. Bain Peanut Co. v. Pinson & Guyer, 119 Texas 572, 34 S. W. (2d) 1090; Ladd-Hannon Oil Corp. v. Tripplehorn, 118 Texas 195, 13 S. W. (2d) 666; Allen v. Camaros, 114 Texas 581, 278 S. W. 1114; National Compress Co. v. Hamlin, 114 Texas 375, 269 S. W. 1024; Wagner v. Garrett, 114 Texas 362, 269 S. W. 1030; Long v. Martin, 112 Texas 365, 247 S. W. 827; Vinson v. W. T. Carter & Bro., 106 Texas 273, 166 S. W. 363; Flattery v. Miller, Tex. Sup., 212 S. W. 932; Schleicher v. Runge, 90 Texas 456, 39 S. W. 279.

It will also be noted that the Court of Criminal Appeals in the case of Teal v. State, 191 S. W. (2d) 684, in discussing Rule 458 did not mention Rule 5.

The Legislature invested this Court with full rule-making power regarding practice and procedure in civil actions. This was a matter of such tremendous importance that the members of the Court not only gave it their most serious consideration, but they also appointed a committee of able and experienced lawyers to assist the Court in preparing the necessary rules. After a thorough study of the question of promulgating rules that would expedite a prompt and final disposition of cases, this Court adopted certain rules, and these rules are known as Texas Rules of Civil Procedure.

The language used in Rule 468 is clear, and no exception is prescribed for varying the time in which an application for writ of error must be filed. The language used in Rule 5 and in Rule 468 is also plain and specific. It is provided that a motion for rehearing must be filed within the fifteen-day period mentioned, or a request for an enlargment of the time must be made within that period. In this instance the motion for rehearing was not filed within the fifteen-day period, nor was a request made within that period for an enlargement of the time. See Traders & General Ins. Co. v. Scott et al (Tex. Civ.

App., Ref. W. M.), 189 S. W. (2d) 633; Cocke v. Birr, 142 Texas 432, 179 S. W. (2d) 958.

We answer the first question in the negative; and this makes it unnecessary to answer the second question.

Opinion delivered January 7, 1948.

Rehearing overruled February 4, 1948.