TENNESSEE CENT. R. Co. *v.* J. T. JENKINS *et al.*

(*Nashville.* December Term, 1919.)

**CERTIORARI.** Petition to supreme court filed after 90 days from final judgment of Court of Civil Appeals, based on refusal of rehearing, will be dismissed.

Where a final judgment of the Court of Civil Appeals was entered November 15, 1919, and a petition to rehear was filed forty-four days later, without an extension of time, a *fiat* from the presiding judge being obtained on petition to rehear, but an adjudication being expressly reserved, and the petition was subsequently, dismissed, petition for *certiorari* could not be filed thereafter in the Supreme Court; more than ninety days having elapsed from the time of the final judgment of the Court of Civil Appeals, although not from the time of the dismissal of the petition to rehear.

FROM WILSON.

Appeal from the Circuit Court of Wilson County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—HON. A. B. NEIL, Judge.

SETH M. WALKER, LILLARD THOMPSON and J. R. SMITH, for appellant.

W. S. FAULKNER and W. B. COOPER, for appellees.

MR. CHIEF JUSTICE LANSDEN delivered the opinion of the Court.

We have here a motion to dismiss the petition for *certiorari* filed in this case., The motion must be sustained. The facts are as follows: The final judgment of the court of civil appeals was entered November 15, 1919. A petition to rehear was filed forty-four days later, without an extension of time to file it having been granted by that court. The court of civil appeals has the same rule regulating the time in which petition to rehear may be filed which this court has, and is that such petitions must be filed within ten days. 126 Tenn., 729, 730, 160 S. W., xi, xii. A *fiat* from the presiding judge of that court was obtained on the petition to rehear, but he expressly reserved an adjudication of the right to file the petition. The court of civil appeals found that the petition to rehear was filed without authority from that court, and dismissed it for this reason.

It is obvious that the petition for *certiorari* cannot be filed in this court at this date. It was filed after the ninety days had expired, counting the time from the final judgment of the court of civil appeals. If the time is counted from the day on which that court dismissed the petition to rehear, the petition for *certiorari* is filed within the ninety days. However, we cannot acknowledge that the petition to rehear was correctly filed, when the court of civil appeals expressly adjudged that it was not. This holding by that court was manifestly correct, because, if the petitioner could select the time at which a petition to rehear could be filed, the ninety-day statute, the forty-fifth-day rule,

and the ten-day rule for filing such petitions would in effect be abrogated. We are bound by the statute of limitations fixed by the legislature upon petitions for *certiorari*. Therefore we feel constrained to sustain the motion and dimiss the petition for *certiorari*.