ELIZABETH HOUK, TRUSTEE, *v.* MEMPHIS CONSTRUCTION
COMPANY.*

(*Nashville.*   December Term, 1927.)

Opinion filed April 28, 1928.

1. **COURT OF APPEALS.  PETITION TO REHEAR.  FINAL
   DECREE.  PETITION FOR CERTIORARI.  TIME FOR FIL-
   ING.**

   Final decree in the Court of Appeals is defined in the Act of creat-
   ing that court to include application for rehearing or for different
   and additional findings of fact, and when such application is
   made to that Court within the time and manner provided by the
   rules of the Court, the forty-five days allowed for the filing of
   petition for **certiorari** in the Supreme Court begin to run and
   are computed only from the date the decree on such application
   is entered by the Court of Appeals, and an order extending the
   time for filing the petition for **certiorari** before the entry of such
   decree will be refused as unnecessary.  (Post, p. 16.)
   Citing: Sec. 14, ch. 100, Acts 1925.

2. **COURT OF APPEALS.  FINAL DECREE.  PETITION FOR
   CERTIORARI.  EXTENSION OF TIME FOR FILING.**

   By the provisions of the Act creating the Court of Appeals, the
   time for filing petitions for **certiorari** may be extended "for an
   additional time not to exceed ninety days **after final decree as
   above defined** in the Court of Appeals."  (Post, p. 17.)
   Citing: Sec. 14, ch. 100, Acts 1925.

*Headnote 1.   **Certiorari,** 11 C. J., section 131.

FROM SHELBY.

Appeal from the Chancery Court of Shelby County.—
HON. M. C. KETCHUM, Chancellor.

R. LEE BARTELS and K. C. LARKEY, for complainant.

WILSON, GATES & ARMSTRONG, for defendant.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

Counsel for all parties have joined in an application to this court for an order extending the time beyond the usual limit of forty-five days, within which they may file their respective petitions for the writs of *certiorari,* to remove the cause to this court for review. Acts 1925, Chapter 100.

It is stated in the application, filed April 24, 1928, that final decree was entered by the Court of Appeals on March 23, 1928, and that within the time allowed by the rules of that court, both parties filed petitions for rehearing, which are yet pending and which cannot be disposed of until the next opinion day of the Court of Appeals on May 11, 1928.

*(1)* The order applied for is unnecessary and will not be granted. The statute provides that petition for *certiorari* to review the action of the Court of Appeals "shall be filed in the Supreme Court within forty-five days after final decree in the Court of Appeals, including decree upon any application to that court for a rehearing or for different or additional findings." Acts 1925, Chapter 100, section 14.

By the language quoted, the words, "final decree in the Court of Appeals," are defined to include decree upon application for rehearing or for different or additional findings of fact; and when application for any such decree is made to the Court of Appeals, within the time and in the manner provided by the rules of that court,

the forty-five days allowed for the filing of petition for *certiorari* in this court begin to run and are computed only from the date decree is entered by the Court of Appeals upon such application.

*(2)* This is made clear by the final provision of Section 14 of the statute, that the time for filing petition for *certiorari* may be extended "for an additional time not to exceed ninety days *after final decree as above defined* in the Court of Appeals."