NATIONAL BANKERS LIFE INSURANCE COMPANY

*v.*

RAY B. CHITWOOD

(*Knoxville,* September Term, 1958.)

Opinion filed December 12, 1958.

ROY T. CAMPBELL, JR., Newport, for petitioner.

JEROME TEMPLETON, Knoxville, for respondent.

178

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

This is a petition for writ of certiorari to the Court of Appeals. The petitioner is National Bankers Life Insurance Company. The respondent, Ray B. Chitwood, moves the dismissal of the petition on the ground that it was not filed within the time allowed by law.

The judgment of the Court of Appeals was entered on July 15, 1958. The petition for certiorari was filed on October 24, 1958. This is ninety-nine (99) days after the entry of the aforesaid judgment.

The National Bankers Life Insurance Company filed on August 13, 1958 in the Court of Appeals a petition to rehear. This was twenty-eight (28) days after the entry of the judgment of the Court of Appeals. Rule 22 of that Court requires the filing of a petition to rehear within ten (10) days after the entry of the judgment unless, within that ten (10) days, an extension is granted. The petition to rehear was accordingly dismissed by the Court of Appeals for failure to comply with this rule. This order of dismissal was entered on September 10, 1958.

Since the petition for writ of certiorari was filed on October 24, 1958, it is likely that petitioner thought that the forty-five (45) days allowed by statute for the filing of the petition for certiorari commenced to run upon the entry of the order denying the petition to rehear. The statutory provision limits the time in the absence of an extensions by this Court, or one of its members, for the filing of a petition for certiorari to forty-five (45) days after the final decree in the Court of Appeals, "including decree upon any application to that court for a rehearing * * *." Section 27-820, T.C.A.

Obviously, the question posed is whether the statutory expression "including decree upon any application of that Court for a rehearing" would include a decree dismissing a petition to rehear not filed within the time allowed by rule of that Court.

The question arose in 1919 in the case of *Tennessee Central R. Company v. Jenkins,* 142 Tenn. 484, 485-486, 221 S.W. 189. The petition to rehear was filed in the then existing Court of Civil Appeals. That Court likewise had a rule that petitions to rehear must be filed within ten (10) days after final judgment, but the petition was not filed until forty-four (44) days thereafter, and without an extension of time having been granted. If the time allowed for the filing of the petition for certiorari was to be counted from the date of dismissal of the petition to rehear, then the petition was filed within the time allowed. Otherwise, the contrary. The Court, in an opinion written for it by Chief Justice Lansden, held that the petition for certiorari was filed too late. In so holding the Court said this:

"If the time is counted from the day on which that court dismissed the petition to rehear, the petition for

certiorari is filed within the 90 days. However, we cannot acknowledge that the petition to rehear was correctly filed, when the Court of Civil Appeals expressly adjudged that it was not. This holding by that court was manifestly correct, because, if the petitioner could select the time at which a petition to rehear could be filed, the 90-day statute, the 45-day rule, and the 10-day rule for filing such petitions would in effect be abrogated. We are bound by the statute of limitations fixed by the Legislature upon petitions for certiorari.''

The expression in 27-820 T.C.A. ''to include decree upon application for rehearing * * *'' was construed by necessary inference in *Houk v. Memphis Construction Company,* 157 Tenn. 15, 17, 5 S.W.2d 472, to mean an application for rehearing ''within the time and in the manner *provided by the rules of*'' the Court of Appeals. (Emphasis added.)

It may be found interesting to note that the same ruling was made in, among others, the Texas case of *Vinson v. W. T. Carter & Brothers,* 106 Tex. 273, 166 S.W. 363, annotated in 10 A.L.R.2d 1103. In so holding that Court observed, as did our Court in *Tennessee Central R. Company v. Jenkins, supra,* that ''a different rule would permit an extension of the time fixed by the statute (for the filing of a petition for certiorari) simply by filing successive motions of the same character''; or, in the case at bar, simply by waiting as long as the party desired to file the petition to rehear.

The petition for certiorari will be dismissed, and the cost of its filing will be adjudged against petitioner, National Bankers Life Insurance Company.