PONCE & GUAYAMA RAILROAD CO *v.* MUÑOZ, JUEZ DE DISTRITO.

SOLICITUD para que se dicte auto de *Mandamus.*

No. 125.—Resuelto en marzo 8, 1907.

MANDAMUS—EXPROPIACIÓN FORZOSA—APELACIÓN.—Establecida *en tiempo* una apelación contra el veredicto del jurado, en un caso de expropiación forzosa, para ante la corte de distrito, si ésta se niega á conocer del recurso y resolverlo, el auto de *mandamus* es procedente para obligarla á ello.

ID.—CITACIÓN Á LAS PARTES.—La citación á las partes para oir el pronunciamiento del veredicto, constituye una notificación implícita suficiente para imputar conocimiento de tal veredicto á las partes, y computar los términos en que deban ejercitar los recursos que les confieran las leyes.

Los hechos están expresados en la opinión.

Abogado del demandante: Sr. *Tous Soto (José).*

Abogado del demandado: Sr. *Rossy, fiscal.*

EL JUEZ ASOCIADO SR. FIGUERAS emitió la opinión del tribunal.

Ante la Corte de Distrito del Distrito Judicial de Guayama siguió la *Ponce & Guayama Railroad Co.* un procedimiento contra Elvira Porrata Doria sobre expropiación forzosa de de cierta parcela de terreno y el jurado insaculado para fijar el importe de la indemnización debida por dichas parcelas á la parte demandada, pronunció su veredicto el día 31 de octubre de 1906, comunicándolo el presidente de dicho jurado al secretario de la Corte de Distrito de Guayama, en la misma fecha en que fuera dictado, previniéndole que las partes habían sido citadas para que concurrieran á oir su pronunciamiento. El día 9 de noviembre siguiente, la Corte de Distrito de Guayama dictó sentencia definitiva en el caso, adjudicando á la corporación demandante el título de los terrenos, cuya expropiación solicitaba y dentro de los quince días siguientes á haberse dictado la sentencia, ó sea el 22 del mismo noviembre, el abogado de la compañía demandante Sr. Tous Soto hizo la consignación ante la misma corte de quinientos dollars, importe de la indemnización fijada por el jurado, haciéndose

dicha consignación de acuerdo con las prescripciones de la Ley de Expropiación Forzosa, presentando también en ese mismo día en la secretaría del tribunal una notificación, estableciendo apelación del veredicto del jurado, y una moción pidiendo á la corte señalara día para la vista de la apelación. La corte señaló el día 1°. de diciembre de 1906 para discutir la moción del demandante estableciendo apelación contra el veredicto pronunciado por el jurado en el caso mencionado y habiendo comparecido las partes por medio de sus respectivos abogados, la corte, después de oir la moción y las alegaciones de las mismas, resolvió que no era admisible la apelación por haberse interpuesto fuera de término y por no haber expuesto tampoco los hechos que se sometían á la consideración del tribunal, denegando, por tanto, la apelación con las costas al promovente.

El abogado Sr. Tous Soto, en representación de la *Ponce & Guayama Railroad Co.,* presentó escrito á este tribunal en 13 de diciembre último, solicitando un auto de *mandamus* contra el juez de la corte de Distrito del Distrito Judicial de Guayama para que se le ordene proceda á señalar día y hora para la vista de la apelación referida, ó en otro caso, para que comparezca ante este tribunal y exponga las razones que le asistan para no verificarlo; expedida una orden al juez de la corte de distrito para que expresara las causas por las cuales no debiera dictarse el auto de *mandamus* solicitado, compareció el Honorable Attorney General en su representación, y después de exponer brevemente los hechos del caso en su contestación, alegó que la resolución dictada por el demandado con fecha 1°. de diciembre de 1906, desestimando la apelación interpuesta por la compañía contra el veredicto del jurado, es una resolución final y definitiva, de la cual podía apelarse para ante la Corte Suprema de Puerto Rico.

Ahora bien, si el recurso de apelación contra el veredicto pronunciado por el jurado se hubiera establecido dentro del término que la ley señala y el Juez de la Corte de Guayama

se hubiera negado á conocer y resolver el recurso, es indudable que el auto de *mandamus* sería procedente, porque entonces el juez de la Corte de Distrito de Guayama, no podía negarse á realizar esos autos, á cuyo cumplimiento estaba obligado por ministerio de la ley. Sección 18 de la de Expropiación Forzosa, aprobada en 12 de marzo de 1903, en relación con la sección 1ª. de la ley, estableciendo el auto de *mandamus* aprobada en el mismo día, mes y año citados.

Pero es el caso que la apelación se estableció fuera de tiempo y aunque se alega que la notificación no se hizo en debida forma, es lo cierto que se citó á la corporación peticionaria para oir el pronunciamiento del veredicto y esta es una notificación constructiva que surte todos los efectos legales.

Además, el abogado de la parte demandante en 22 de noviembre de 1906 presentó moción ante la corte de Guayama, consignando quinientos dollars, importe de la indemnización fijada por el jurado.

Este acto revela que conocía el veredicto, y debe presumirse así, porque las partes, como se ha dicho antes, fueron citadas para oir su pronunciamiento y esta es la noticia bastante que la ley requiere para conocerlo y derivar inmediatamente de ese conocimiento los recursos ordinarios que creyera procedentes en ley.

Habiéndose presentado, por tanto, la apelación contra el veredicto fuera de término, no podemos disponer que la corte de Guayama señale día y hora para la vista de la apelación como se pretende, porque ya en estas condiciones no está obligado por ministerio de la ley á practicar esos actos.

En mérito de las razones expuestas, debemos declarar que no puede expedirse el auto de *mandamus* que se interesa, con imposición de las costas á la parte promovente.

*Denegado.*

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados, Hernández, MacLeary y Wolf.