PACHECO, RECURRENTE Y APELADO, *v.* BECERRA, SECRETARIO DE LA CORTE MUNICIPAL DE YAUCO, RECURRIDO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en· procedimiento sobre *mandamus.*

No. 2254.—Resuelto en julio 16, 1920.

CITACIÓN DEL DEMANDADO—CORTES MUNICIPALES—TÉRMINO PARA COMPARECER—INTERPRETACIÓN DE LA PALABRA "DISTRITO"·USADA EN EL ARTÍCULO 89·DEL CÓDIGO DE ENJUICIAMIENTO CIVIL.—Siempre que la citación de un demandado se haga dentro del territorio de una corte de distrito, ya sea librada la citación por la corte de distrito o por alguna de las cortes municipales comprendidas dentro de su demarcación, el demandado tiene solamente diez días para comparecer y contestar.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. T. Paz, Jr.*
Abogado del apelado: *Sr. R. Arjona Siaca.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Juan José Pacheco demandó en la Corte Municipal de Yauco a Adolfo Nones para que le pagara $475 como indemnización de perjuicios. El demandado fué notificado de la demanda en la central "Rufina" del término municipal de Guayanilla, que forma parte del distrito judicial municipal·

·de Ponce y que se halla fuera de la demarcación territorial de la Corte Municipal de Yauco, ambos dentro del territorio de la Corte de Distrito de Ponce.   Transcurridos diez días desde la citación del demandado sin que hiciera alegación alguna contra la demanda el demandante pidió al secretario de la Corte Municipal de Yauco que anotara la rebeldía de Nones y registrara sentencia condenatoria contra él.   Se negó dicho secretario a hacer lo que se le pedía fundándose en que el demandado tenía veinte días para alegar porque había sido citado fuera del distrito municipal de Yauco, los que no habían transcurrido, y entonces el demandante Pacheco acudió a la Corte de Distrito de Ponce en procedimiento de *mandamus* solicitando que se ordenara al expresado secretario que hiciese lo que le había pedido.   La corte de distrito oyó al secretario y después le ordenó perentoriamente que anotase la rebeldía de Nones y registrase sentencia contra él, resolución que fué apelada para ante nosotros por dicho secretario.

En vista de los hechos expuestos la única cuestión a decidir es si el demandado Nones tenía veinte días para alegar contra la demanda o solamente diez días; cuestión que depende de la interpretación que debe darse á la palabra "distrito" del artículo 89 del Código de Enjuiciamiento Civil.

Al disponer dicho artículo los requisitos que debe contener la citación que se dirija a un demandado dice en su número 3, que contendrá "la prevención de que el demandado debe comparecer y contestar la demanda dentro de los diez días, si la citación se hiciere en el distrito en que se promueve la acción; dentro de veinte días si se hiciere fuera de dicho distrito pero en la Isla de Puerto Rico; y dentro de cuarenta días si se hiciere en otra parte."

Para la debida interpretación de dicho precepto debemos tener presente que el Código de Enjuiciamiento Civil, que fué aprobado en 1°. de marzo de 1904, se dictó para regir los procedimientos civiles en las cortes de distrito y que si se aplica a los asuntos de esa índole que se siguen en las cortes

municipales es porque no habiéndose dictado especialmente, reglas para éstas, dispuso la ley de 10 de marzo de 1904, promulgada para reorganizar el sistema judicial, que se tramitaran conforme a las reglas y procedimientos en práctica en las cortes de distrito.

Así, pues, el distrito que tuvo en su mente el legislador en el artículo citado fué el distrito judicial de las respectivas cortes de distrito y cuando librada una citación en una corte de distrito el demandado es citado dentro de su demarcación territorial solo tiene diez días para alegar contra la demanda. En su consecuencia, siempre que la citación de un demandado se haga dentro del territorio de una corte de distrito, ya sea librada la citación por la corte de distrito o por alguna de las cortes municipales comprendidas dentro de su demarcación, el demandado tiene solamente diez días para comparecer y contestar. Sostener lo contrario llevaría al absurdo de que el demandado tuviera más tiempo para contestar cuando se trata de reclamación hecha en una corte municipal, donde la cuantía no puede exceder de quinientos dólares, que cuando se le hace mayor reclamación en una corte de distrito, por lo que el hecho de que la citación se haga fuera del territorio de la corte municipal aunque dentro del de la corte de distrito no puede alterar esta interpretación. El hecho de que en las citaciones se haga constar que el demandado debe comparecer ante determinada corte municipal no puede tampoco alterar la interpretación que debe darse al significado de la palabra "distrito" tal como la tuvo en cuenta el legislador, ni que por ello deba entenderse distrito judicial municipal a los efectos de determinar el número de días que tiene un demandado para comparecer y contestar. Es cierto como alega el apelante que de acuerdo con el artículo 82 del mismo código si el distrito en que se establece la demanda no es en el que deba seguirse el juicio puede el demandado pedir que se celebre en el distrito correspondiente, pero reconocido este derecho al demandado tanto en los juicios ante las cortes de distrito como ante las municipales es

claro que con respecto a este precepto la palabra "distrito" no puede tener el mismo significado que antes hemos dado al considerarla en el artículo 89, y que ha de entenderse distrito de la corte municipal o de distrito, según sea el caso, so pena de anular un derecho que la ley dió para los pleitos en una u otra corte.

Se sugiere que en atención a la falta de claridad de la ley y a los términos en que se redactan los emplazamientos, pudiera un demandado que residiera en un distrito municipal distinto aunque dentro del mismo distrito judicial creer de buena fé que tenía veinte días para contestar o formular excepciones y al ir a hacerlo encontrarse con que su rebeldía había sido anotada por no haber comparecido dentro del término de diez días. Pero si tal caso sucediere en la práctica, es seguro que la corte en uso de las facultades que la ley le concede y al quedar convencida de la buena fé del demandado, dejaría sin efecto la rebeldía y permitiría el archivo de la alegación del demandado.

Los casos de *Orcasitas* v. *Márquez,* 19 D. P. R. 479, y de *Ortiz* v. *Gómez, Juez Municipal,* 21 D. P. R. 507 no aportan luz alguna en este asunto.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf y del Toro.

Los Jueces Sres. Presidente Hernández y Asociado Hutchison disintieron:

---

OPINIÓN DISIDENTE DEL JUEZ PRESIDENTE SEÑOR HERNÁNDEZ.

Estoy conforme con los hechos del caso tales como han sido expuestos en la opinión de la mayoría de la corte y sólo disiento en la aplicación de la ley.

Opino que la ley de 1º. de marzo de 1904 preceptiva de que los juicios en las cortes municipales se tramiten conforme a las reglas y procedimientos en práctica en las cortes de distrito, es de aplicación *mutatis mutandis,* y por tanto que

la palabra "distrito" usada en el artículo 89 del Código de Enjuiciamiento Civil con referencia a las cortes de distrito, debe, cuando se trata de cortes municipales, referirse a la demarcación de éstas cortes y no a las de distrito, como así se entiende la palabra "distrito" que emplea el artículo 82 del código citado. La palabra "distrito" debe tener el mismo alcance y significación en ambos artículos cuando se aplican a las cortes municipales. En cuanto al argumento absurdo a que acude esta corte para sostener su teoría, puede contestarse que también ocurren casos en que el demandado ante una corte de distrito, residente en otro distrito, está más cerca de la cabecera en que se le demanda de lo que está otro que reside en el mismo distrito, y sin embargo, al primero concede el artículo 89 más tiempo para contestar la demanda que al último.

Procede la revocación de la sentencia apelada.