Augusto Saavedra Riquelme, peticionario, *v.* Enrique S. Mestre, Juez de la Corte de Distrito de Aguadilla, demandado.

No. 274.—*Sometido:* Marzo 14, 1932. *Resuelto:* Marzo 30, 1932.

*José Sabater,* abogado del peticionario; *Martínez Nadal & Martínez Rivera,* abogados de la demandada en el pleito principal.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Enrique S. Mestre es el juez en propiedad de la Corte de Distrito de Aguadilla. Por varias razones, incluyendo conocimiento e intervención en los hechos de determinado caso, él se sintió incapacitado para actuar como juez en el procedimiento y en consecuencia dictó una orden inhibiéndose. El caso era el No. 9305, titulado *Adolfo Saavedra Solá et ux.* v. *Augusto Saavedra Riquelme et ux.* Entonces el Gobernador de Puerto Rico nombró a Luis Samalea Iglesias, que a la sazón era Juez de Distrito de Arecibo, para que actuara como juez en dicho caso. Poco después el Juez Samalea fué nombrado Juez de Distrito de Bayamón y entonces el Gobernador designó a Rafael Sancho Bonet, que era entonces el Juez de Distrito de Arecibo, como juez para que actuara en dicho caso. Mientras el pleito estaba pendiente los demandados, peticionarios en este recurso, actuaron en alguna forma o comparecieron ante el Juez Sancho Bonet. Después hubo un cambio de abogado de los demandados y el Sr. Sabater, quien posteriormente era abogado de ellos, radicó la petición en este recurso de *mandamus.* Los peticionarios alegaron que el Juez Sancho no tenía de-

recho o autoridad para actuar y que el juez en propiedad Enrique S. Mestre debió haber trasladado el caso a la Corte de Distrito de Mayagüez, posiblemente después de oír a las partes de conformidad con el artículo 84 del Código de Enjuiciamiento Civil. El Juez Mestre se negó a hacer esto fundándose en la teoría de que el Juez Sancho estaba completamente autorizado para actuar y en que él había perdido su jurisdicción. Cuando el asunto fué presentado al Juez Sancho éste se negó igualmente a considerarse incapacitado para actuar y declaró sin lugar una moción de los peticionarios para impedirle que actuara. Entonces estos peticionarios presentaron tanto un recurso de *mandamus* como un auto inhibitorio.

■■■ El artículo 84 del Código de Enjuiciamiento Civil provee:

"Si un pleito o procedimiento se iniciare o estuviere pendiente ante una corte, y el juez de ésta estuviere incapacitado para actuar, o si por cualquier motivo la corte ordenare un cambio en el lugar de la vista, deberá aquél trasladarse a un tribunal convenido por las partes mediante estipulación por escrito o celebrada ante la corte y consignada en su libro de actas; y si no llegasen a ponerse de acuerdo, entonces se trasladará el asunto a la corte más cercana en que no exista el mismo inconveniente o la causa que originó el traslado, verificándose éste a otra corte de distrito."

Empero, existe otra ley en vigor en Puerto Rico que autoriza al Gobernador a designar jueces en ciertos casos. Esta lee así:

". . . *Disponiéndose,* que el Gobernador, a propuesta del Attorney General, podrá, si el servicio público lo exigiere, ordenar a cualquier otro Juez de Distrito que ocupe el puesto de cualquiera de los jueces nombrados regularmente y que se hallen temporalmente impedidos ya por enfermedad o por cualquier otra causa; . . ." (Leyes de 1904, pág. 94).

Es bastante curioso que ambas leyes fueran aprobadas en

10 de marzo de 1904. Por tanto las cortes están obligadas a tratar de permitir que subsistan ambas leyes.

La jurisprudencia de California es clara al efecto de que de acuerdo con el artículo 398 del Código de Enjuiciamiento Civil, que corresponde al 84 de nuestro Código, el juez en propiedad está obligado a oír a las partes y finalmente a trasladar el caso. *Krumdick* v. *Crump,* 98 Cal. 117; *Livermore* v. *Brundage,* 64 Cal. 299.

En el caso de *El Pueblo* v. *Juliá,* 25 D.P.R. 284, un juez en propiedad se hallaba ausente en vacaciones y se presentó la objeción de que la ley expecial de marzo 10, 1904, no era aplicable a dicho caso. Esta corte resolvió que no solamente casos de enfermedad estaban incluídos sino también ausencias y casos similares. Leyendo cuidadosamente ambas leyes somos del criterio que la ley especial de marzo 10, 1904, cubre incapacidades en general así como los casos en que por tal incapacidad un juez no puede actuar en caso alguno, mientras que el artículo 84 específicamente comprende el caso de un juez incapacitado en determinado recurso como el presente. Por tanto, era el deber del Juez Mestre oír a las partes de conformidad con dicho artículo 84.

Hubo alguna discusión respecto a si las partes se habían sometido al Juez Sancho. Tal sumisión de conformidad con los varios artículos del Código de Enjuiciamiento Civil se hace a la corte en cuestión. No había duda de que en el presente caso las partes se sometieron originalmente a la Corte de Distrito de Aguadilla, de suerte que esos artículos no son aplicables. Por consiguiente, nos sentimos obligados a resolver que el Juez Mestre debió haber actuado de acuerdo con el artículo 84 del Código de Enjuiciamiento Civil, y en su consecuencia se librará un auto de *mandamus* ordenándole que oiga a las partes de acuerdo con las disposiciones del artículo 84, *supra,* y que actúe de conformidad.