ELOÍSA ANNONI y sus hijas MARGARITA, JOSEFINA y BERTA VILA Y ANNONI, herederas testamentarias de ERNESTO PATXOT Y BLANCH, demandantes y apelantes, *v.* SUCN. DE BLAS NADAL Y CUEBAS, compuesta de sus hijos legítimos RAMÓN y NELLY NADAL Y MANGUAL; la SUCN. DE SALVADOR NADAL Y FREYRE, compuesta de su única hija y universal heredera CARMEN MARÍA NADAL CARRIÓN; y JUAN BIANCHI ROSAFA y. GUILLERMO CABRERA CUESTA, demandados y apelados.

Núm. 6370.—*Sometido:* Abril 13, 1936. *Resuelto:* Julio 30, 1936.

*José Sabater,* abogado de las apelantes; *Oscar Souffront,* abogado de la Sucn. Nadal y Freyre; *Frank Martínez* y *Frank Bianchi,* abogados de los apelados Señores Bianchi y Cabrera.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

 El primer señalamiento de error lee así:

"La Corte de Distrito de Mayagüez por su Juez Hon. Charles E. Foote, que es el Juez regular de dicha corte, cometió error al abstenerse de resolver y al no resolver la moción presentada por la representación de las demandantes solicitando que por la corte se declarara nulo todo lo actuado por el Lcdo. Tomás Torres Pérez por la razón de que éste no tenía autoridad para actuar."

Sucede que el juez en propiedad de Mayagüez, Charles E. Foote, originalmente se negó a presidir esta causa debido a su relaciones íntimas con la familia de uno de los demandados, o sea con la del Sr. Bianchi. A consecuencia

de ello el Gobernador designó al Sr. Tomás Torres Pérez para que actuara como juez. El caso fué oído ante él y al presentarse una excepción previa resolvió la causa a favor de los demandados. En el ínterin esta corte, en el caso de *Saavedra* v. *Mestre,* Juez de la Corte de Distrito de Aguadilla, 43 D.P.R. 288, resolvió que ésa no era la forma correcta para obtener un sustituto. Entonces las apelantes acudieron ante el juez Foote y le pidieron que anulara los procedimientos. El oyó la moción más no tomó acción alguna, toda vez que anteriormente se había inhibido.

Estamos bastante convencidos de que un *mandamus* sería el verdadero remedio en el presente caso, de proceder, pero no es necesario que basemos nuestra decisión solamente en ese fundamento. Todo lo que el Juez Foote hizo fué negarse a actuar.

De todos modos, no tenemos duda alguna de que Tomás Torres Pérez se convirtió en un juez *de facto* a virtud del consentimiento de las partes, y que las apelantes no pueden suscitar error alguno por este motivo. No se planteó cuestión alguna ante dicho juez respecto a su autoridad para actuar.

Además no se ha elevado a este tribunal escrito de apelación alguno contra la actuación del Juez Foote negándose a considerar la moción para anular, y dudamos tener jurisdicción.

■ La demanda en este caso fué radicada el 25 de febrero de 1931. En ella se solicitaba la nulidad de cierto procedimiento judicial iniciado por Salvador Nadal ante la extinguida Corte de Primera Instancia de Mayagüez, contra Nadal & Co., como liquidadora de la sociedad de Nadal & Cuebas. Uno de lo fundamentos fué que el recurso era nulo e ineficaz bajo la ley entonces vigente. Otro fué que el procedimiento era nulo e ineficaz toda vez que el mismo era resultado de una conspiración fraguada por el referido Salvador Nadal y su primo Blas Nadal con el fin de defraudar a Ernesto Patxot y Blanch de su condominio en

la hacienda Altagracia; que los demandantes son los herederos del aludido Ernesto Patxot y dueños de una participación de dicha finca y tienen derecho a poseerla en común con los demandados Juan Bianchi y Guillermo Cabrera. Esto es substancialmente copia de la primera parte del alegato de las apelantes, el que procede a exponer otras alegaciones de la demanda aduciendo otras nulidades y reclamaciones consiguientes de las apelantes por razón de dichas nulidades primordiales. Los demandados en el pleito lo eran Ramón y Nelly Nadal y Mangual como sucesores de Blas Nadal; Carmen Nadal, como única heredera de Salvador Nadal, y Juan Bianchi Rosafa y Guillermo Cabrera y Cuesta. Varios de lo demandados excepcionaron la demanda por distintos fundamentos. La corte sostuvo algunas o todas las excepciones.

La relación del caso hecha en el alegato de las apelantes es deficiente al no exponer el origen del título de Bianchi y Cabrera (quienes alegan ser dueños de todo el título), o porque estos dos demandados eran copartícipes con las demandantes. El alegato no da color a las reclamaciones de estos dos demandados en oposición a las de las demandantes. La relación es igualmente deficiente al no exponer concisamente los hechos alegados en la demanda tendentes a demostrar la naturaleza de la supuesta conspiración entre Blas Nadal y Salvador Nadal, o el supuesto conocimiento que este último tenía de la existencia de un título en Patxot independientemente del título de éste en la firma de Nadal & Co., o cuál era su participación, de tenerla, en dicha sociedad. Según veremos la demanda no aducía una causa de acción debido a defectos similares.

Se presentaron excepciones previas por falta de hechos para determinar una causa de acción, indebida acumulación de acciones, indebida acumulación de partes demandadas, y prescripción. De la lectura que hemos hecho de la opinión vemos que la prescripción fué la cuestión principal alegada para sostener la excepción pero, al igual que hicieron los apelados hasta cierto punto, discutiremos la suficiencia de

la demanda. La prescripción se suponía aparecer de la faz de la demanda.

Los motivos de nulidad alegados fueron:

"(a) Que Salvador Nadal y Blas Nadal se habían confabulado para privar a Ernesto Patxot de ciertos derechos que tenía en la Hacienda Altagracia por virtud de un contrato privado que luego se elevó a escritura pública, (b) que Salvador Nadal ocultó al tribunal la verdad de los hechos y que no se citó a Ernesto Patxot, (c) que el crédito hipotecario por el cual ejecutó Salvador Nadal estaba ilíquido, sujeto a novaciones, se había cancelado por confusión de derechos y no se adeudaba por la Hacienda Altagracia, y (d) que, como consecuencia de los hechos anteriormente alegados la corte carecía de jurisdicción en el asunto."

Ahora bien, sucede, y no hay duda de ello, que Salvador Nadal compró o adquirió un crédito hipotecario existente contra la finca Altagracia y en su oportunidad lo ejecutó. La deudora, conforme se desprendía del registro, era sola y exclusivamente la sociedad de Nadal & Co. Así pues, necesariamente, bajo la ley hipotecaria y su reglamento, el acreedor tenía que proceder contra esa sociedad.

Aparece de la demanda que Patxot había adquirido un interés en la Hacienda Altagracia y que el mismo nunca fué inscrito. La falta de inscripción no fué ocasionada por Salvador Nadal ni tampoco por Blas Nadal. Salvador Nadal si su hipoteca estaba vencida, tenía derecho a ejecutarla. No importa el conocimiento que tuviera, no estaba obligado por los convenios celebrados por Blas Nadal y Patxot. De la demanda se desprende que Patxot perdió la razón y que se le nombró una tutora. Un acreedor que ejecute solamente tiene que prestar atención al deudor que figura en el Registro. *Torres* v. *Lothrop, Luce & Co., et al.,* 16 D.P.R. 180; 231 U. S. 171.

Dudamos que el conocimiento de Salvador Nadal fuera alegado suficientemente, más ello no importa según ya hemos dicho. Véase *Calderón* v. *Auxilio Mutuo,* 42 D.P.R. 414, 415, 417.

■■ Las alegaciones de la demanda al efecto de que la hipoteca no había sido liquidada, que estaba sujeta a novaciones, y que surgió una confusión de derecho, no son alegaciones últimas de hechos (*ultimate statements of facts*). Son conclusiones de derecho que deben ser resueltas por la corte. El hecho de si la deuda estaba vencida o no dependía de los hechos al igual que la cuestión de novación o confusión de derecho. Uno de los apelados sugiere que este pleito es un ataque colateral y resolvemos que tiene razón. Patxot no era el deudor a que se refiere el artículo 175 del reglamento de la Ley Hipotecaria. Él dejó de inscribir sus derechos y Salvador Nadal y los que de éste adquirieron, estaban protegidos por los artículos 33 y 34 de la ley hipotecaria. Estas consideraciones son especialmente ciertas en lo que a los supuestos dueños de la finca en la actualidad, Bianchi y Cabrera, se refieren.

■ Los apelados discuten la cuestión de prescripción y citan ciertos casos. Ya que Salvador Nadal adquirió la propiedad en 1903 y Cabrera y Bianchi en 1907 sin que apareciera defecto alguno en el registro, no solamente corrió la prescripción ordinaria, sino también la extraordinaria si el título de Salvador Nadal puede agregarse al título adquirido por Bianchi y Cabrera, como así lo creemos. No podemos convenir con los apelantes en que el título de Salvador Nadal era enteramente inexistente. Esto sería ir contra la jurisprudencia citada.

*La sentencia debe ser confirmada.*

El Juez Asociado Señor Hutchison disintió.*

Los Jueces Presidente Señor Del Toro y Asociado Señor Córdova Dávila no intervinieron.

---

* NOTA: Véase el prefacio.