Las Monjas Racing Corporation, peticionaria y apelada, *v.* Comisión Hípica Insular de Puerto Rico, et als., demandados y apelantes.

Núm. 7640.—*Sometido:* Noviembre 29, 1937. *Resuelto:* Diciembre 23, 1937.

446

*Diego O. Marrero,* abogado de los apelantes; *L. Feliú,* abogado de la apelada.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Se pide la desestimación de este recurso por haberse interpuesto fuera del término prescrito por la ley.

Se trata de un caso de *mandamus* resuelto por sentencia de agosto 26, 1937. La sentencia se notificó a las partes el 7 de septiembre siguiente, archivándose con los autos la notificación el mismo día. El 27 del propio mes de septiembre la parte perdidosa presentó una moción de reconsideración que la corte declaró de plano sin lugar en noviembre 1°., 1937, notificándose a las partes al día siguiente quedando

archivada el propio día la notificación con los autos. El 5 de noviembre dicha parte interpuso el presente recurso de apelación.

Basándose en esos hechos y en lo dispuesto en el artículo 292 del Código de Enjuiciamiento Civil tal como quedó enmendado por la Ley número 67 de mayo 8, 1937, vigente cuando los hechos tuvieron lugar, es que se pide la desestimación.

En efecto dicho artículo como enmendado dispone:

"Artículo 292.—Una sentencia o providencia, dictada en un pleito civil, excepto cuando hubiere adquirido expresamente el carácter de definitiva y firme, podrá ser revisada de acuerdo con lo prescrito en este código, y de ningún otro modo.

"Cualquier parte agraviada por una sentencia o resolución de una corte de distrito en una acción civil podrá, dentro del término improrrogable de quince días desde la fecha del archivo en los autos de una copia de la notificación de la sentencia o dentro del término improrrogable de cinco días desde la fecha del archivo en los autos de una copia de la notificación de haberse dictado la resolución, radicar en la corte que hubiere dictado la sentencia o resolución una petición ex parte para la revisión o reconsideración de su sentencia o resolución, haciendo constar en ella los hechos y los fundamentos de derecho sobre los cuales se basa la solicitud. La corte deberá resolver la moción de reconsideración dentro de los cinco (5) días después de haberse radicado, y si la corte rechazare de plano la petición, el término para apelar de la sentencia o resolución de cuya revisión se trate se computará en la forma prevista por este código, como si no se hubiese presentado petición alguna de revisión o reconsideración. Si la corte resolviere reconsiderar su sentencia o resolución u oír a las partes sobre la moción de reconsideración, el término para apelar se computará desde la fecha del archivo, como parte de los autos del caso, de una copia de la notificación hecha por el seretario de la corte a la parte perdidosa de la resolución definitiva del tribunal." (Leyes de 1937, pág. 199.)

De acuerdo, pues, con la ley, cuando la moción de reconsideración fué presentada ya había vencido el término improrrogable que la misma concede para ello. No pudo presentarse la moción y si no pudo, menos puede surtir el efecto de interrumpir el término de un mes que fija el artículo 295 del

propio Código de Enjuiciamiento Civil para establecer el recurso. La jurisprudencia establecida por esta corte anterior a la aprobación de la enmienda al artículo 292 del Código de Enjuiciamiento Civil—*Gran Logia de Distrito, etc.* v. *Logia Víctor Rojas, Inc.,* 48 D.P.R. 914; *Rodríguez* v. *Torres,* 48 D.P.R. 917, y otros—quedó afectada por la enmienda que constituye la ley que actualmente regula la materia.

■■ El hecho de que el juez no resolviera la moción dentro del término de cinco días que también fija el estatuto, no influye en este caso porque la moción fué presentada sin autorización de ley. Hasta qué punto la enmienda puede impedir a una corte reconsiderar su sentencia dentro del término en que la dictara a virtud de gestión de parte interesada hecha después de transcurridos quince días o por su propia iniciativa, no es cuestión que deba necesariamente resolverse en este caso, porque la corte aquí no reconsideró, ni siquiera oyó a las partes sobre la reconsideración, si que lo que hizo fué declarar de plano sin lugar la moción.

■ Tampoco tiene importancia el que el hecho de "no haberse presentado la moción de reconsideración a los quince días de haberse notificado la sentencia" se debiera "a la firme creencia del abogado" de los apelantes "de que todavía prevalecía la antigua regla de procedimiento que ha venido observándose desde hace mucho años". La enmienda comenzó a regir a los noventa días de aprobada y estaba ya en todo su vigor como hemos dicho cuando la moción de reconsideración fué presentada y sabido es que "la ignorancia de las leyes no excusa de su cumplimiento." Artículo 2 del Código Civil, ed. de 1930.

■ Invoca el apelante en apoyo de su contención el caso de *Vinson et al.* v. *W. T. Carter & Bro.,* 166 S. W. 363. Procede de la Corte Suprema de Tejas. La opinión es breve y substanciosa. Dice así:

"En la petición en que se solicita se expida un recurso de error se demuestra que no se radicó moción de reconsideración en la Corte de Apelaciones Civiles dentro del término prescrito por el estatuto.

Se sostiene que el dejarse de radicar tal moción dentro del término fijado por la ley se debió a una demora indebida y no anticipada en su trasmisión por expreso. Con fecha 8 de enero, 1914, la corte declaró sin lugar una moción en que se solicitaba permiso para radicar la moción de reconsideración *nunc pro tunc*. Entonces se radicó una segunda moción de igual naturaleza, la que fué declarada sin lugar el 22 de enero del mismo año. La petición solicitando un recurso de error fué presentada en la Corte de Apelaciones Civiles más de treinta días después de haberse desestimado la primera moción en que se solicitaba permiso para radicar la de reconsideración, pero dentro de los treinta días siguientes a la fecha en que se declaró sin lugar la segunda moción.

"No nos negaríamos a considerar la petición en que se solicita un recurso de error, a pesar de que la Corte de Apelaciones Civiles no ha actuado directamente sobre la moción de reconsideración, si tuviéramos jurisdicción y fuésemos del criterio de que se ha demostrado suficientemente que el dejar de radicar la moción de reconsideración oportunamente se debió a un accidente o a alguna causa distinta a la negligencia de la parte peticionaria. *Sams* v. *Creager*, 85 Tex. 497, 22 S. W. 399. Sin embargo, es aparente que carecemos de jurisdicción. A fin de que esta corte tenga jurisdicción para conceder un recurso de error, no es esencial que la petición sea radicada en la Corte de Apelaciones Civiles dentro de treinta días, contados a partir de la fecha en que se declara sin lugar la moción de reconsideración. *Schleicher* v. *Runge*, 90 Tex. 456, 39 S. W. 279. Cuando, bajo circunstancias como las que aquí concurren, la Corte de Apelaciones Civiles se niega a considerar una moción de reconsideración, su proceder al desestimar la moción en que se solicita permiso para radicarla, necesariamente fija el término a partir del cual ha de contarse el período prescrito para la radicación de la petición, pues en tal caso el declarar sin lugar la moción en que se solicita permiso para radicarla equivale a una desestimación de la moción para reconsirar. Una regla distinta permitiría que se prorrogara el término fijado por el estatuto para radicar la petición del recurso de error, simplemente mediante la radicación de mociones sucesivas de la misma naturaleza.

"Debe declararse sin lugar la moción por falta de jurisdicción."

Lo único que podría favorecer a los apelantes es que no consta que la corte sentenciadora dejara de considerar la moción por no haberse presentado en tiempo, limitándose a declararla sin lugar, lo que envuelve una consideración de la

misma para llegar a la conclusión de que carecía de méritos. Pero es que la enmienda—que es la ley—está redactada de tal modo que cuando la petición de reconsideración se declara simplemente sin lugar no suspende el término para apelar. Para que lo suspenda tiene la corte que haber resuelto reconsiderar su sentencia o resolución u oír a las partes sobre la moción. Y eso no sucedió en este caso. Cuando la corte no resuelve la moción dentro de los cinco días, lo que debe hacer la parte es apelar dentro del término de ley no obstante la pendencia de la reconsideración a los efectos de no perder su derecho.

Se trata de un caso de ley escrita y no pudiendo considerarse excusable la conducta de la parte por el solo hecho de desconocer dicha ley, nos vemos obligados a concluir que esta corte carece de jurisdicción por haberse interpuesto la apelación fuera de término y en tal virtud que *debe declararse la moción de la parte apelada con lugar y en su consecuencia desestimarse el recurso.*

El Juez Asociado Señor Córdova Dávila no intervino.