VICENTE AMADOR PÉREZ y JUAN CARLOS MARTÍNEZ, peticionarios, *v.* CORTE DE DISTRITO DE SAN JUAN, HON. C. LLAUGER DÍAZ, JUEZ, demandada.

Núm. 320.—*Sometido:* Febrero 14, 1939. *Resuelto:* Mayo 17, 1939.

822

*Luis Venegas Cortés* y *Raúl Colón*, abogados de los peticionarios; *Alfonso Miranda Esteves*, abogado del interventor, el demandante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Los peticionarios, demandados ante la Corte Municipal de San Juan en una acción sobre cobro de dinero, interpusieron una excepción previa sobre insuficiencia de los hechos alegados en la demanda. Señalada la vista de dicha excepción para el día 5 de septiembre, no pudo celebrarse por ser ése un día feriado, "Día del Trabajo." El día 9 del mismo mes se celebró la vista, con asistencia del demandante y en ausencia de los demandados, y la corte dictó sentencia desestimando la excepción por considerarla frívola; y a petición del demandante declaró con lugar la demanda y condenó a los demandados al pago de los $300 reclamados, costas y honorarios de abogado. Los demandados fueron notificados de dicha sentencia el día 21 de septiembre de 1938, y dos días más tarde radicaron una moción que intitularon "Moción sobre nulidad de sentencia," en la que pedían a la corte sentenciadora "que anule su sentencia del 9 de septiembre," por los motivos siguientes:

1. Porque el señalamiento hecho para el "Día del Trabajo" era nulo por imposible por no poder la corte celebrar sesión en ese día.

2. Porque la sentencia es nula por haberse extralimitado la corte al dictar sentencia final en un incidente de excepción previa.

3. Porque la sentencia priva a los demandados de sus derechos constitucionales al condenarles al pago de la suma reclamada sin haberles dado una oportunidad de defenderse, ya que los demandados no fueron nunca notificados del nuevo señalamiento para el 9 de septiembre hecho a petición del demandante.

Discutida dicha moción por las partes ante la corte municipal, ésta la declaró sin lugar el día 5 de octubre de 1938. El día 14 del mismo mes los demandados apelaron para ante la Corte de Distrito de San Juan.

Llamado el caso para juicio ante la corte de distrito, el demandante y apelado pidió la desestimación de la apelación por carecer el tribunal de jurisdicción en el asunto. La contención del demandante fué que habiéndose notificado la sentencia a los demandados el 21 de septiembre de 1938, el término para apelar expiró el primero de octubre del mismo año; que ese término no fué interrumpido por la radicación en 23 de septiembre de la "Moción sobre nulidad de sentencia," porque dicha moción no es ni puede tener el efecto de una moción de reconsideración; y que la apelación interpuesta por los demandados el 14 de octubre no pudo conferir jurisdicción a la corte de distrito por haber sido interpuesta fuera de término. Sostuvo la corte inferior el criterio del demandante y dictó sentencia desestimando la apelación.

En enero 26, 1939, los demandados y aquí peticionarios radicaron ante esta Corte Suprema una petición para que se expida un auto de *mandamus* contra la Corte de Distrito de San Juan por el que se ordene al juez de la misma, Hon. Carlos Llauger Díaz, que proceda a conocer del caso civil núm. 2747 de dicha corte hasta su resolución final. Oídos los peticionarios y la parte demandante en el pleito principal sobre la procedencia del auto de *mandamus* solicitado, el caso

quedó por fin sometido a nuestra decisión el 14 de febrero de 1939.

 La única cuestión envuelta en el presente recurso es si la "Moción sobre nulidad de sentencia" radicada por los demandados ante la Corte Municipal interrumpió el término legal de diez días para apelar ante la corte de distrito.

Para resolver esta cuestión debemos ir más allá del título o denominación que se dió a la moción y penetrar en sus méritos para determinar el fin o propósito que se perseguía al presentarla.

En la referida moción, después de exponer los hechos referentes al señalamiento de la excepción previa y a la sentencia dictada por la corte municipal, los demandados promoventes informaron a dicha corte que su sentencia es contraria a derecho entre otros motivos por haber sido dictada sin haberle dado a los demandados una oportunidad de ser oídos en su defensa y sin notificarles el señalamiento para la vista del caso. El propósito evidente de dicha moción fué el de dar a la corte sentenciadora una oportunidad de corregir su alegado error y de dejar sin efecto o anular su sentencia, evitando así una apelación innecesaria. Y ése es precisamente el fin que se persigue mediante la llamada "moción de reconsideración" (*rehearing*) y mediante la "moción para dejar sin efecto la sentencia" (*motion to set aside the judgment.*)

"Una petición para una nueva vista (*rehearing*) es una súplica a la corte para que revise su propia acción mediante la corrección de errores y la modificación o anulación de su propia sentencia." *Parker* v. *State*, 33 N. E. 119. "Su objeto es señalar errores de derecho o de hecho o unos y otros, que se alega fueron cometidos por la corte al llegar a sus conclusiones." *Peo. ex rel. L'Abbe* v. *District Court*, 58 P. 604. Véase: *City of Memphis* v. *Brown*, 94 U. S. 715, 24 Law Ed. 244.

El significado legal del término "reconsiderar" (*reconsider*) es considerar otra vez, revisar con cuidado, especialmente con miras a la revocación de lo anteriormente resuelto;

pensar o considerar el asunto nuevamente con el propósito de resolverlo después de esa segunda consideración. 53 C. J. 594. *Dávila* v. *Collazo,* 50 D.P.R. 495.

Después de una detenida consideración de las alegaciones y fundamentos de la moción, así como del fin o propósito que se perseguía con su presentación, nos creemos obligados a resolver que no obstante el título que se dió a la ameritada moción, ésta era y debe ser considerada para todos los efectos legales como una moción sobre reconsideración de sentencia. Y habiendo sido dicha moción "entertained," o sea tomada en consideración por la corte ante la cual fué presentada, y no rechazada de plano, el término para apelar debió empezar a contarse a partir del día 5 de octubre de 1938, fecha en que la corte sentenciadora declaró la moción sin lugar. La apelación interpuesta nueve días más tarde, el 14 de octubre de 1938, lo fué dentro del término legal y fué suficiente para conferir jurisdicción a la Corte de Distrito de San Juan. Véanse: *Pérez Casalduc* v. *Díaz Mediavilla,* 42 D.P.R. 357; *Dávila* v. *Collazo,* supra; *Las Monjas Racing Corporation* v. *Comisión Hípica,* 52 D.P.R. 445; y *Línea Borinquen, Inc.,* v. *American R. R. Co.,* 53 D.P.R. 309. Erró, pues, la corte inferior al desestimar la apelación interpuesta por los peticionarios. ■ No siendo apelable la resolución dictada por la Corte de Distrito de San Juan, procede a nuestro juicio la expedición del auto perentorio de *mandamus* solicitado. Véanse: *Ponce & Guayama R. R. Co.* v. *Muñoz,* 12 D.P.R. 165; *Del Valle* v. *Foote, Juez,* 12 D.P.R. 225; *Pueblo* v. *Corte,* 47 D.P.R. 239; *Annoni* v. *Sucesión Nadal,* 50 D.P.R. 520, y 38 C. J. 610, sección 88 y casos allí citados.