MODESTA CONCEPCIÓN COSME, ETC., demandantes y apelados, *v.* DEMETRIO LATONI PECUNIA, demandado y apelante.

Núm. 8470.—*Sometido:* Diciembre 22, 1941. *Resuelto:* Enero 13, 1942.

*Dubón & Ochoteco,* abogados del apelante; *A. Casanova Prats,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Al resolver una apelación anterior en este mismo caso, *Concepción* v. *Latoni,* 51 D.P.R. 564, esta corte, en la parte dispositiva de su sentencia dijo lo siguiente:

"Por los fundamentos consignados en la anterior opinión se modifica la sentencia apelada que dictó la Corte de Distrito de San Juan en octubre 11, 1934, en el sentido de dejar sin efecto aquella parte de la misma que declara sin lugar la reclamación de los demandantes por el importe de las rentas percibidas por el demandado y las que pudieron haber percibido los demandantes, y se devuelve el caso a la corte inferior para que proceda a abrirlo a prueba en cuanto a la reclamación sobre las rentas, requiriendo al demandado para que rinda cuenta de las rentas realmente percibidas por él desde la fecha de la radicación de la demanda y durante todo el tiempo de su posesión y dando oportunidad a los demandantes para presentar la evidencia que fuere pertinente para probar el valor de los frutos podidos percibir y que no hubieren sido percibidos por culpa, abandono o negligencia del demandado, y así modificada se confirma la sentencia recurrida."

La corte inferior procedió a oír la prueba en relación con la reclamación de la demandante sobre las rentas y dictó una sentencia enmendada el 25 de junio de 1941 la que fué notificada al demandado y copia de dicha notificación archivada en los autos el día 27 del mismo mes y año.

El día 3 de julio de 1941 el demandado, Demetrio Latoni Pecunia, radicó una moción solicitando la reconsideración de la sentencia y la corte inferior, sin señalarla para vista, la declaró sin lugar de plano dos meses y cinco días después, o sea el 8 de septiembre de 1941. El día 1 de octubre de 1941, 95 días después de habérsele notificado la sentencia enmendada, el demandado radicó su escrito de apelación para ante esta corte.

Fundándose en los anteriores hechos, que aparecen de una certificación librada por el secretario de la corte inferior, la demandante apelada solicita la desestimación del recurso por haber sido radicado el escrito de apelación después de transcurrido el término legal. Señalada la vista correspondiente las partes fueron oídas el día 22 de diciembre de 1941.

El artículo 292 del Código de Enjuiciamiento Civil, tal y como quedó enmendado por la ley núm. 67 aprobada el 8 de mayo de 1937, dispone lo siguiente:

"Artículo 292.—Una sentencia o providencia, dictada en un pleito civil, excepto cuando hubiere adquirido expresamente el carácter de definitiva y firme, podrá ser revisada de acuerdo con lo prescrito en este código, y de ningún otro modo.

"Cualquier parte agraviada por una sentencia o resolución de una corte de distrito en una acción civil podrá, dentro del término improrrogable de quince días desde la fecha del archivo en los autos de una copia de la notificación de la sentencia o dentro del término improrrogable de cinco días desde la fecha del archivo en los autos de una copia de la notificación de haberse dictado la resolución, radicar en la corte que hubiere dictado la sentencia o resolución una petición ex parte para la revisión o reconsideración de su sentencia o resolución, haciendo constar en ella los hechos y los fundamentos de derecho sobre los cuales se basa la solicitud. La corte deberá resolver la moción de reconsideración dentro de los cinco (5) días después de haberse radicado, y si la corte rechazare de plano la petición, el término para apelar de la sentencia o resolución de cuya revisión se trate se computará en la forma prevista por este código, como si no se hubiese presentado petición alguna de revisión o reconsideración. Si la corte resolviere reconsiderar su sentencia o resolución u oír a las partes sobre la moción de reconsideración, el término para apelar se computará desde la fecha del archivo, como parte de los autos del caso, de una copia de la notificación hecha por el secretario de la corte a la parte perdidosa de la resolución definitiva del tribunal."

Interpretándolo, esta corte en el caso de *Las Monjas Racing Corp.* v. *Comisión Hípica*, 52 D.P.R. 445, por voz de su Juez Presidente Sr. Del Toro, se expresó así:

" . . . Pero es que la enmienda—que es la ley—está redactada de tal modo que cuando la petición de reconsideración se declara

simplemente sin lugar no suspende el término para apelar. Para que lo suspenda tiene la corte que haber resuelto reconsiderar su sentencia o resolución u oír a las partes sobre la moción. Y eso no sucedió en este caso. Cuando la corte no resuelve la moción dentro de los cinco días, lo que debe hacer la parte es apelar dentro del término de ley no obstante la pendencia de la reconsideración a los efectos de no perder su derecho.

"Se trata de un caso de ley escrita y no pudiendo considerarse excusable la conducta de la parte por el solo hecho de desconocer dicha ley, nos vemos obligados a concluir que esta corte carece de jurisdicción por haberse interpuesto la apelación fuera de término y en tal virtud que debe declararse la moción de la parte apelada con lugar y en su consecuencia desestimarse el recurso."

El caso de autos cae de lleno dentro de la anterior jurisprudencia. La corte inferior no resolvió la moción de reconsideración dentro de los cinco días y tampoco oyó a las partes. El demandado debió apelar dentro de los treinta días de dictada la sentencia, no obstante estar pendiente la moción de reconsideración. La resolución de la misma por la corte inferior más de dos meses después de haberse radicado no pudo tener el efecto de prorrogar el término de treinta días que tenía el demandado para apelar. Como se dijo en el caso de *Las Monjas Racing Corp.,* supra, se trata de un caso de ley escrita y esta corte carece de jurisdicción por haberse interpuesto la apelación fuera de término.

El apelante, en un memorándum complementario, cita el caso de *Amador* v. *Corte,* 54 D.P.R. 821, y sostiene que la doctrina aplicable no es la del caso de *Las Monjas* v. *Comisión Hípica,* supra, y sí la del caso de *Amador* v. *Corte.*

La controversia principal en este último caso giraba en torno a la naturaleza intrínseca de la "moción sobre nulidad de sentencia" radicada en la corte municipal. Esta Corte Suprema resolvió que, no obstante su título, dicha moción era realmente una de reconsideración de sentencia, y que habiendo sido considerada—pues se celebró una vista en la que las partes fueron oídas—y no rechazada de plano, su presentación había interrumpido el término para apelar. Del texto de la opinión emitida por el Juez Asociado Sr.

Travieso, se desprende que la moción fué argumentada ante la corte municipal, pues a la págian 823 dijo esta corte:

"Discutida dicha moción por las partes ante la corte municipal, ésta la declaró sin lugar el día 5 de octubre de 1928. El día 14 del mismo mes, los demandados apelaron para ante la Corte de Distrito de San Juan."

En otras palabras, la corte municipal oyó a las partes sobre la moción, cayendo por lo tanto el caso dentro de la regla establecida en *Las Monjas Racing Corp.* v. *Comisión Hípica*, 52 D.P.R. 445, donde se resolvió que "para que lo suspenda (el término para apelar) tiene la corte que haber resuelto reconsiderar su sentencia o resolución *u oír a las partes sobre la moción*". (Itálicas y paréntesis nuestro.) Y eso no sucedió en el caso de autos. Aquí la corte no creyó necesario oír a las partes, sino que, rechazó de plano la moción de reconsideración. El hecho de que la corte inferior al resolver dicha moción no usara la frase "no ha lugar" y la fundamentara brevemente, no significa que no la rechazó de plano. Para haberla tomado en consideración "entertained" según se dijo en el caso de *Amador,* hubiera tenido que oír a las partes o haberla declarado con lugar sin oírlas. El caso de *Amador* v. *Corte,* supra, no alteró en nada la doctrina establecida en el caso de *Las Monjas,* supra, sino que más bien la ratificó en todas sus partes, y somos de opinión que, aplicada esa doctrina al caso de autos, se impone la desestimación solicitada.

*Se declara con lugar la moción y se desestima el recurso.*