Dolores Carreras, peticionaria, *v.* Corte de Distrito de San Juan, Hon. R. Cordovés Arana, Juez, demandada.

Núm. 1524.—*Sometido:* Junio 14, 1943. *Resuelto:* Julio 31, 1943.

*Edgar S. Belaval* y *Manuel García Cabrera,* abogados de la peticionaria; *Carlos de Vázquez* abogado del Juez demandado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

El día 10 de febrero de 1943 la Corte Municipal de San Juan, Sección Tercera, dictó sentencia declarando con lugar una demanda de desahucio interpuesta por Dolores Carreras contra Julio Díaz. La sentencia fué notificada a las partes el día 15 de febrero de 1943. Dos días después la demandante radicó una moción solicitando la reconsideración de la sentencia y la corte, sin señalarla para vista ni oír a las partes, la declaró sin lugar el 4 de marzo habiéndose no-

tificado la resolución el día 8 del mismo mes.  Al día siguiente, 9 de marzo, la demandante apeló para ante la Corte de Distrito de San Juan.

Elevados los autos el demandado solicitó la desestimación del recurso por haberse interpuesto fuera de término. , La corte de distrito después de oír a las partes primero declaró sin lugar la desestimación solicitada, pero, solicitada la reconsideración, la declaró con lugar por entender que las disposiciones del artículo 292 del Código de Enjuiciamiento Civil, según quedó enmendado por la Ley núm. 67 aprobada el 8 de mayo de 1937 (Leyes de 1936–37, pág. 199), son aplicables a las mociones de reconsideración presentadas en las cortes municipales.

Para revisar esta actuación de la corte inferior la peticionaria radicó el presente recurso de *certiorari* y expedimos el auto y oímos a las partes.

██ El artículo 292 del Código de Enjuiciamiento Civil, según quedó enmendado por la Ley núm. 67 de 1937, dispone lo siguiente:

"Artículo 292.—Una sentencia o providencia, dictada en un pleito civil, excepto cuando hubiere adquirido expresamente el carácter de definitiva y firme, podrá ser revisada de acuerdo con lo prescrito en este código, y de ningún otro modo.

"Cualquier parte agraviada por una sentencia o resolución de una corte de distrito en una acción civil, podrá, dentro del término improrrogable de quince días desde la fecha del archivo en los autos de una copia de la notificación de la sentencia o dentro del término improrrogable de cinco días desde la fecha del archivo en los autos de una copia de la notificación de haberse dictado la resolución, radicar en la corte que hubiere dictado la sentencia o resolución una petición *ex parte* para la revisión o reconsideración de su sentencia o resolución, haciendo constar en ella los hechos y los fundamentos de derecho sobre los cuales se basa la solicitud.  La corte deberá resolver la moción de reconsideración dentro de los cinco (5) días después de haberse radicado, y si la corte rechazare de plano la petición, el término para apelar de la sentencia o resolución de cuya revisión se trate se computará en la forma prevista por este código, como si no se hubiese presentado petición alguna de revisión o reconsideración..

Si la corte resolviere reconsiderar su sentencia o resolución u oír a las partes sobre la moción de reconsideración, el término para apelar se computará desde la fecha del archivo, como parte de los autos del caso, de una copia de la notificación hecha por el secretario de la corte a la parte perdidosa de la resolución definitiva del tribunal.''

Arguye la peticionaria que el segundo párrafo del artículo 292, supra, que fué la enmienda introducida en el año 1937, expresamente se refiere a las cortes de distrito y que siendo clara la letra del estatuto no puede por interpretación judicial hacerse extensivo a las cortes municipales. Sostiene además que los términos de 15 y 5 días especificados en la enmienda la hacen inaplicable a las sentencias dictadas por dichas cortes.

No tiene razón, a nuestro juicio, la peticionaria.

Implícitamente ya esta corte resolvió en el caso de *Amador* v. *Corte,* 54 D.P.R. 821, que el artículo 292, supra, según enmendado, es aplicable a las cortes municipales, cuando dijimos que una moción sobre nulidad de sentencia a todos los efectos legales es una de reconsideración y que habiendo sido tomada en consideración (*entertained*) por la corte municipal y no rechazada de plano, suspendió el término para apelar empezando a contarse el mismo desde la fecha en que dicha corte declaró sin lugar la moción y que por tanto había errado la corte de distrito al desestimar la apelación interpuesta.

Decimos que la cuestión fué resuelta implícitamente porque no se planteó expresamente en aquel caso la inaplicabilidad del artículo 292, supra, a las cortes municipales como ahora lo hace la peticionaria. Nos reafirmamos, sin embargo, en la conclusión a que llegamos en el caso de *Amador,* supra.

Con anterioridad a la enmienda del año 1937 al artículo 292 del Código de Enjuiciamiento Civil esta corte, siguiendo la decisión de la Corte de Circuito de Apelaciones para el Primer Circuito en *Saurí* v. *Saurí,* 45 F. (2d) 90, resolvió en varios casos, *Municipio de Guánica* v. *García,* 46 D.P.R. 397; *Gran Logia de Distrito* v. *Logia Víctor Rojas, Inc.,* 48

D.P.R. 914 y *Dávila* v. *Collazo,* 50 D.P.R. 494, que una moción de reconsideración suspendía el término para apelar. Empero, en el caso de *Dávila* v. *Collazo,* supra, dijimos:

"Es cierto que el alcance y el efecto que se ha atribuído a la interposición de la moción para reconsiderar una sentencia, por la jurisprudencia que hemos citado, se presta a prácticas dilatorias por parte de los litigantes perdidosos, interesados en posponer indefinidamente la ejecución de la sentencia. Y es esta corte la primera en reconocer la necesidad de alguna medida legislativa que corrija el mal que hemos señalado y que defina en términos inequívocos el procedimiento para obtener la reconsideración de las sentencias o resoluciones dictadas por los tribunales insulares y el efecto y alcance que debe tener la radicación de una moción de reconsideración.

"Mientras la Legislatura no tome acción sobre el particular, esta Corte Suprema se considerará obligada a seguir la jurisprudencia sentada por la Corte de Circuito en *Saurí* v. *Saurí,* supra."

Diez meses después de esta decisión, la Legislatura enmendó el artículo 292 en la forma que hemos transcrito.

Ahora bien, el hecho de que en la enmienda se haga referencia expresamente a las cortes de distrito no implica que la misma no pueda aplicarse a las cortes municipales, pues de acuerdo con la sección 3 de la Ley Reorganizando el Sistema Judicial de Puerto Rico, de 1904, al crear las cortes municipales se dispuso "que todos los procedimientos ante dichas cortes deberán ser tramitados conforme a las reglas y procedimientos en práctica en la cortes de distrito.".

Así, en el caso de *Rivera* v. *Aybar,* 32 D.P.R. 548, resolvimos que los artículos 75 y 86 inclusives del Código de Enjuiciamiento Civil que establecen las reglas fijando el lugar en el que deben verse los pleitos y los casos en que deben ser trasladados a otra corte de distrito, eran aplicables a las cortes municipales; y en el de *Pacheco* v. *Becerra,* 28 D.P.R. 768, que el artículo 89 del mismo código en cuanto al término para contestar una demanda cuando el demandado es citado en el distrito en que se promueve la acción, también es aplicable a las cortes municipales de acuerdo con la ley de 1904, supra.

Aplicar el artículo 292, según enmendado, supra, a las cortes municipales establece un procedimiento uniforme para todas las cortes en relación con las mociones de reconsideración y tiende a dar efectividad a la pauta que sugerimos en el caso de *Dávila* v. *Collazo,* supra.

El argumento de la peticionaria de que los términos fijados en el artículo 292 están en conflicto con los fijados para las apelaciones de las cortes municipales a las de distrito, no es concluyente. Lo mismo sucede con el término fijado por la ley de desahucio en su sección 11 (Art. 630, Código de Enjuiciamiento Civil) para apelar, o sea, cinco días, el cual es el mismo tanto para las cortes municipales como para las de distrito y, sin embargo, hemos resuelto en *Ramos* v. *Avilés,* 58 D.P.R. 726—que era un caso de desahucio—, que el artículo 292 era aplicable y denegamos una moción de desestimación porque "antes de expirar el término para apelar, la demandante solicitó la reconsideración de la sentencia y esta moción fué desestimada después de señalar una vista y oír a las partes, habiéndose interpuesto recurso cuatro días después de notificarse a la demandante esa última resolución.".

Y en el de *Fabián* v. *Rodríguez,* 53 D.P.R. 448, también un caso de desahucio, se resolvió, y citamos del sumario, que: "Una moción de reconsideración no produce el efecto de interrumpir el término para apelar cuando es simplemente declarada sin lugar.".

De manera, que tanto en las cortes municipales como en las de distrito puede presentarse una moción de reconsideración de sentencia al amparo del artículo 292, supra, pero incumbe al que la presenta hacerlo dentro del término que tiene para apelar y si la corte no declara con lugar o cita a las partes para oírlas dentro de dicho término, es su deber apelar antes de expirar el mismo, pues como resolvimos en el caso de *Concepción* v. *Latoni,* 59 D.P.R. 666, ratificando el de *Las Monjas Racing Corp.* v. *Comisión Hípica,* 52 D.P.R. 445: "Cuando la corte sentenciadora no oye a las partes

respecto a una moción de reconsideración de sentencia y la declara sin lugar de plano, la moción no tiene el efecto de suspender o prorrogar el término para apelar.'' (Sumario.)

La peticionaria admite en su alegato que si el artículo 292 del Código de Enjuiciamiento Civil, supra, es aplicable al caso de autos ''el escrito de apelación fué radicado fuera de término'' y, siendo esto así, *procede anular el auto expedido y desestimar la petición.*

Los Jueces Presidente Sr. Del Toro y Asociado Sr. Travieso no intervinieron.